## CROWN *vs.* LEONARD & GOODALE.

A Court of Chancery will not interfere by injunction to restrain a trespass, unless in a special case, where the remedy at law is not complete.

In Equity, in Bibb Superior Court. Decision on motion to dissolve an injunction, made by Judge LAMAR, at the November Term, 1860.

Patrick Crown exhibited his bill in Equity against John C. Leonard and James A. Goodale, in which it is alleged:

That he is the owner of, and in possession of, that portion of lot No. 4, in square No. 56, fronting on the corner of Bridge and Pine streets, lying on the north-west side of a branch which runs through said lot from the sewer in Pine street fronting said lot, containing one-quarter of an acre, more or less, and situated in the city of Macon, in Bibb county, and worth $3,000 00; that he occupies the lot, chiefly as a dwelling place for himself and family, although there is also a store house upon it; that on the 27th of April, 1860, the defendants entered upon said premises and began to erect, and are continuing to construct a wooden building or tenement, part of which is on the aforesaid lot, and on the line between the same and the adjoining lot, divided by the branch aforesaid; that notwithstanding the defendants do not deny complainant's claim to the premises first aforesaid, and notwithstanding they have been notified to desist from their trespass and invasion of the complainant's said premises, yet they disregard his rights, and persist in their unlawful invasion of said premises; that hoping to

arrest them in the erection of said building, the complainant commenced an action of trespass against the said defendants, returnable to the Inferior Court of said county of Bibb, but they still continue erecting said building on complainant's premises; that the said tenement is being erected across said branch on both of said lots, and in such a manner that complainant cannot build a wall, fence, or other structure, to prevent the high waters, frequently flowing through said branch, from washing away the earth and soil on his said lot, and that he cannot even run a common fence or enclosure for said lot, without attaching the same to said building, or so far from it and the branch as to yield up a large portion of his lot, which is valuable to him; that said lot being small, and containing only about one quarter of an acre of ground, he is unwilling to give up or dispose of any portion of the same, and no amount of damages which he could probably recover in said action of trespass or otherwise can adequately compensate him for the injury and inconvenience of having a portion of said building on his lot, especially when the relative situations of the said two lots are considered.

The bill prays an injunction, restraining the defendants from erecting said building.

The bill was sanctioned, and the injunction issued as prayed for, on the 30th of April, 1860.

The defendants filed a joint answer to the bill, in which they admit the claim of complainant, and that he has a title of some sort to the lot he claims in the bill, but they deny that the line between the two lots is where the complainant insists it is, but that the true line was to run from the centre of the arch of the culvert down the middle of the branch; that since that time, the complainant, without the consent of Leonard, or his mother-in-law, who owns the adjoining lot on which they are building, changed and diverted the current of said branch, so as to turn it on the said adjoining lot, and to cut off a part thereof; that said building complained of is within the boundary pointed out by complainant to Goodale whereon to build the house; that said building will

Crown *vs.* Leonard & Goodale.

not hinder complainant from building a fence on the line of his lot, as pointed out by him to the defendant, Leonard, but defendants admit that to change the true line and make it run where complainant wishes it to run, might prevent complainant's fencing as he charges; that Goodale has no claim to either lot, but was simply employed by Leonard to build the house.

Complainant amended his bill by alleging: That Leonard has no property, and is unable to respond in damages to complainant in said action of tresspass or otherwise; "that if he pretends to hold any property of any kind, complainant prays that he may answer when and where he acquired it, and from whom, and whether the title thereto is in him, or in him for the benefit of some other person, and the value of the same; that the branch as it originally ran was the dividing line between said lots, that it has never been changed by complainant's consent, and that so far from agreeing that said house or any part of it should be built on his lot, he refused to permit Leonard and his hands to place scaffolding on his lot with a view to build the house, knowing that if he gave defendant, Leonard, an inch, that he would take an ell; that complainant verily believes that Mrs. Cobb owns the lot adjoining complainant's, and that she never claimed that the line of her lot extended further than said branch."

Leonard, in answer to the amended bill, says: that he is not insolvent, but is worth $2,000 00 over and above all his liabilities; that the branch, as it originally ran, was the line, but it had been changed, by the complainant, by dams and obstructions, so as to throw off the water which, in times of heavy rain, washed a part of complainant's lot, and that if the run of the branch be the line, as his co-defendant contends, no part of the building is on complainant's lot; that having suffered loss and injury by the injunction in this case, he tenders to this Court ample security, in any reasonable sum, to indemnify complainant for any damages he may recover, in his action of trespass against defendant.

Upon the coming in of the answer, a motion was made to dissolve the injunction.

Pending this motion, and before the argument of the same, counsel for complainant moved to except to Leonard's answer to the amended bill, and to take an order requiring him to answer over, the cause of exception being his failure to answer the charge in said amended bill, as follows, to-wit: "If said Leonard pretends to hold any property of any kind, complainant prays that he may answer when and where he acquired it, and from whom, and whether the title thereto is in him, or in him for the benefit of another, and the value of the same."

The presiding Judge overruled the motion and required the cause to proceed, to which ruling counsel for complainant excepted.

Upon the hearing of the motion to dissolve the injunction, the complainant offered, in support of the allegations of his bill, a deed from said Leonard to complainant, dated the 25th of February, 1859, covering the lot described in the bill, with the additional description that it was "the portion of said lot deeded by Lucinda Gilbert to said Leonard."

Also an affidavit of Henry Wood, in which he deposes, that the defendant, Goodale, testified as a witness on the trial of a peace-warrant against camplainant, that just before commencing to erect said building, Leonard asked complainant if he might not put one of the pillars of the house on complainant's side of the branch, and that complainant refused permission so to do.

Also the affidavit of William Wood, identifying a plat of the relative situation of the two lots and the house, in which he states that if the branch is the dividing line between the two lots, the house is from one and a half to three and a half feet over the line, on the complainant's lot.

After argument had, the presiding Judge passed an order " that the injunction be dissolved, and the bill be dismissed at complainant's cost, when the defendant, Leonard, shall file, with the Clerk of this Court, a bond in the sum of $500 00, with good security to be judged of by the Clerk, to indemnify the complainant for any damage he may recover in his action

of trespass now pending on the common law side of this Court, and that this order be entered on the minutes."

The decision of the Judge, in passing this order, and his refusal to hear the exceptions to the defendant's answer to the amended bill, are the two errors assigned in the record in this case.

LANIER & ANDERSON, for plaintiff in error.

BAILEY & DEGRAFFENREID, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the Court right in dissolving the injunction in this case, and dismissing the bill? We think so. The complainant's remedy at law, either by action of trespass or ejectment, is adequate and complete. In England, a Court of Equity will not interfere ordinarily by injunction, until the title has been decided at law. To begin in Equity here, would, unless there was a sufficient reason for it, be a bad practice.

Judgment affirmed.