EPHRAIM HAMILTON, ET AL., *vs.* HUGH ELY, ET AL.— *June* 1846.

Upon the allegation of tenants in fee, that the defendants, confederating together, entered upon their land, cut down large quantities of wood, quarried large quantities of limestone, are continuing to cut down wood and quarry stone, and design to remove the same; that they have instituted actions of *t. q. c. f.*, for the said trespasses, which are now depending, an injunction will not be granted to restrain further acts of trespass or waste.

In such a case, to authorise an injunction, the allegation, that the trespass was to the destruction of the inheritance; or, the mischief irreparable, is essential; and the facts must be stated, to show that the apprehension of further acts of trespass was well founded, to satisfy the conscience of the court.

Where the bill charges a mere trespass, where the injury is not irreparable and destructive to the complainant's estate, but is susceptible of perfect pecuniary compensation, for which the party may obtain adequate satisfaction at law, and no charge of insolvency in the defendants, an injunction ought not to be granted.

Under what circumstances will the quarrying of stone be considered an irreparable injury to the inheritance. *qr.*

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 31st July 1845, by *Hugh Ely, Joseph J. Speed, John Johnson* and *J. N. Steele,* and alleged, that they are seized in their demesne, as of fee, as tenants in common of a certain tract of land lying and being partly in *Howard* district, and partly in *Baltimore* county, called "*Ely's Chance,*" which was patented to the said *Hugh Ely,* by patent bearing date the 6th day of July 1830 ; that *David Lemmon, Ephraim Hamilton,* and *Elias Hamilton,* co-operating and confederating together, and acting jointly, have entered upon said tract, cut down large quantities of wood, and quarried large quantities of limestone, and that they are continuing to cut wood, and quarry stone as aforesaid ; and that, as your orators believe, they design to remove said wood and limestone, already cut and quarried as aforesaid; your orators further show, that they have instituted actions of trespass *q. c. f.*, against *Ephraim* and *Elias Hamilton* in *Baltimore* county court, and against *David Lemmon* in the court

of *Howard* district for the trespasses committed, which said actions are now depending. Prayer, that the said *E. H.*, *Elias H.*, and *D. L.*, may answer the premises, and that your orators may have such relief as their case may require ; for injunction to the said *E.*, *Elias* and *D.*, directed, prohibiting and enjoining them from cutting down and felling the trees in said tract, and from removing the said wood, so as aforesaid cut down and now lying on the premises, and from removing the stone already quarried, or from burning the same ; and from quarrying any more stone, and from committing any waste or trespass on said land and premises, and any part thereof, until the further order of this court ; and for *subpœna*.

On this bill the chancellor, (BLAND,) on the 31st July 1845, ordered *subpœna* and injunction to issue, as prayed.

The answer of the defendants alleged, that one *Charles D. Warfield*, of *Howard* district, is seized and possessed of a tract or parcel of land called, *"I can do it well ;"* which lies partly in said *District* and partly in *Baltimore* county ; and that they have been, and at the time of the service of the injunction in this case, were employed by him in quarrying limestone, of which large deposites are to be found on said land ; and for the purpose of converting the same into lime, have cut, as the servants of said *Warfield*, quantities of wood growing on said land ; but in so doing, they deny they have wasted or lessened the value of said land. They aver that said land is chiefly valuable because of lime deposites, and can be made a source of profit only by the quarrying thereof. These defendants also admit, that some years ago the complainant, *Ely*, obtained out of the land office a patent for a parcel of land, called *Ely's Chance*, which includes within its location a part of the aforesaid tract, called *"I can do it well."* But as the last named tract is older than *Ely's Chance*, these defendants are advised, and do deny, that the said *Ely*, by color of his patent, obtained title to any part of the land included within the limits of *"I can do it well,"* and so they deny that they have trespassed, or that they design to trespass, on any part of the land whereof the said *Ely* has, or at any time had, under color of his aforesaid patent, the seisin or

possession. These defendants know nothing of any seisin or possession of said premises by the other complainants, other than that these defendants understand and believe they claim title thereto under the complainant *Ely*. And these defendants say, that in the month of April in the year 1842, the said *Hugh Ely* filed his bill of complaint in this honorable court against the said *Charles D. Warfield*, asserting the title, which is now pretended by the complainants in this suit, and praying for an injunction to prevent the said *Warfield*, his agents and servants, from trespassing on the lands which is pretended in the present bill to belong to the complainants. Upon which said bill an injunction was granted, as prayed ; that the said *Warfield*, having filed his answer to said bill, and having appealed from said order, such proceedings were had, that at June term, in the year 1842, the said order was reversed, and the injunction, issued as aforesaid, dissolved ; and by the aforesaid bill, answer, and other proceedings, now in this court will appear ; and these defendants pray leave to refer thereto, for the purpose of showing, that the title put in issue in said cause is identical with the title at issue in this cause, and that the changes introduced in regard to the parties, complainants and defendants, are mere devices to escape the effect and consequences of the decision made in the former cause ; and these defendants are therefore advised, that if the said complainants had truly disclosed all the proceedings which have taken place in said former cause, and had also confessed, as your defendants are informed and verily believe to be true, that the said other complainants acquired the title, which they pretend from the said *Ely*, subsequent to, and with notice of said former proceedings, your honor would not have granted an injunction in this cause ; admitting, therefore, that actions of trespass have been brought against them, as charged by the complainants, and are yet depending, these defendants insist, the injunction issued in this cause was irregularly obtained, and pray the same may be dissolved, &c.

The various proceedings referred to in the defendant's answer, were filed therewith; but a particular notice of any of them is unnecessary.

On the 30th March 1846, a motion to dissolve the injunction came on for hearing, when the chancellor, (BLAND,) ordered it to be continued until final hearing, or further order.

The defendant appealed from that order, under the act of 1835.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By ALEXANDER for the appellants, and
By J. JOHNSON for the appellees.

SPENCE, J., delivered the opinion of this court.

The bill in this case charges, that the complainants were seized in their demesne, as of fee, as tenants in common of a certain tract of land containing thirty-one and one-quarter acres, more or less, lying and being partly in *Howard* district, and partly in *Baltimore* county, called *Ely's Chance*. That the respondents, "co-operating and confederating together, and acting jointly, have entered upon said tract of land and cut down large quantities of wood, and quarried large quantities of limestone, and that they are continuing to cut down wood and quarry stone ; and as the complainants believe, design to remove said wood and limestone, already cut and quarried."

The complainants further charge, that they have instituted actions of trespass *quare clausum fregit*, against the respondents for the trespasses committed, which actions are pending. The bill prays, that an injunction may issue enjoining the respondents from cutting down the trees on said tract of land, and from removing the wood so cut, and the stone quarried, from said land, and from burning the same, and from committing any waste or trespass on said land. On which bill, the chancellor passed the following order : "Let writs of *subpœna* and injunction issue, as prayed by the foregoing bill."

The bill in this case, neither alleges the trespass as going to the destruction of the inheritance, nor the mischief as irreparable. If the bill did contain such allegations, that would not be sufficient, the facts must be stated to shew the apprehension of

further acts of trespass, well founded, to satisfy the conscience of the court; "without such a statement of facts, no injunction should have issued; and this defect in the bill, even if such a remedy were applicable to such a case, is not cured by the testimony taken in the cause." *Amelung and others, vs. Seekamp*, 9 *G. & J.*, 474.

It is not the established chancery doctrine in *Maryland*, to restrain the repetition of a mere trespass, pending proceedings at law to try the right. The learned judge, in the case of *Amelung and others, vs. Seekamp*, says, "it has never received the sanction of the appellate tribunal of this State, and will not be sustained by this court."

The bill, in this case, charges a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate; but is susceptible of perfect pecuniary compensation, for which the party may obtain adequate satisfaction at law.

We do not mean to say, that under certain circumstances, the quarrying of stone might not be an injury to the inheritance; but that, in this case, no such circumstances are averred, as shew that the quarrying of stone would be irreparably injurious to the inheritance.

There is no charge of insolvency of the respondents.

This case falls within that class of cases, in which chancery will not restrain by injunction. Vide *Amelung and others, vs. Seekamp*, 9 *G. & J.*, 468.

This court will sign a decree, reversing the chancellor's order continuing the injunction, and remand the cause.

ORDER REVERSED AND CAUSE REMANDED.