## RICHARD GREEN *vs.* AQUILA D. KEEN.

The allegation that the parties complained of were committing waste upon the land by cutting the timber and other trees, to the irreparable injury of the land and to the great damage and loss of the petitioner, the alleged owner thereof, is not sufficient to warrant an injunction restraining the commission of such acts and the removal of the trees cut.

In such case it must be stated that the trees have a peculiar value and are of great importance to the estate, as that they are fruit or ornamental trees, or if timber and wood, that the enjoyment of the estate would be so affected

by their destruction as to make the alleged damage irreparable; if compensation can be made the remedy is at law.

The application must allege the *facts* to show the apprehension of further acts of trespass well founded, in order to satisfy the conscience of the court.

Where there is a controversy pending in equity involving the title to land, an injunction restraining the commission of waste upon it may be applied for by petition in the cause; such application looks to the preservation of the property until the title can be ascertained.

APPEAL from the Equity Side of the Circuit Court for Harford county.

The appellant and Walter Farnandis filed their bill against the appellee, Keen, alleging that the latter, as their agent, had purchased for them a tract of land called lot No. 4 of *"Hall's Park,"* sold by Benjamin C. Presstman, as trustee, under a decree in chancery. That Keen, in violation of his contract, was fraudulently claiming the land as his own, and selling the wood and timber therefrom, (for which the land was chiefly valuable,) and cutting and carrying away the same. It then prays for an injunction to restrain him from cutting or removing any wood or timber from said land, which the court, (CONSTABLE, J.,) granted.

After appearance but before answering, Keen filed a petition, in which he alleges, that after service of the said injunction upon him, the complainant, Green, professing to act for the other complainant also, had entered upon said lot and, without the concurrence or consent of petitioner and against his will, felled timber trees and other trees standing and growing on said lot, and committed other and further waste thereon by driving wagons and other vehicles over the same, and had threatened to fell other timber trees and other trees, and to commit further waste on said premises; and avers that he verily believes said Green will carry his said threat into execution, to the irreparable injury of said lot and to the great damage and loss of the petitioner, unless restrained by injunction from the commission of waste on said property. He then sets out his equitable title to the lot by purchase from Presstman and that he has complied with the terms of sale,

and prays for an injunction restraining the complainant from felling timber and other trees on said lot, or using or disposing of those already felled, or driving wagons or other vehicles across said lot, or committing other spoil or waste thereon, which the court granted.

Afterwards the defendant filed his answer to the bill, denying all its material allegations; and the complainant, Green, subsequently filed his answer to the petition of Keen, in which he denies that Keen has any equitable right or interest in said land, and reasserts the charge of the bill that he purchased the same as agent for complainants, and the claim of title in himself now set up is a fraud upon them. This answer having been filed, the complainant, Green, appealed from the order granting the injunction on the petition of the defendant.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Otho Scott* for the appellant.

1st. The case stated in the petition is a mere trespass for felling trees and for which an injunction will not lie; the averment that the injury is irreparable, will not authorise an injunction where the facts stated show a mere trespass. *White vs. Flannagan,* 1 *Md. Rep.,* 525. *Amelung vs. Seekamp,* 9 *G. & J.,* 468. *Hamilton vs. Ely,* 4 *Gill,* 34.

2nd. No injunction can issue on the petition of a defendant in equity, it must be granted on a bill, or at any event, on a petition in the nature of a supplemental bill. 2 *Bland,* 104.

3rd. The petition in this case cannot be regarded as a cross-bill; it does not pray any process to compel answer or for process to appear.

4th. There being no prayer for process, there are no parties defendants to said petition. 3 *Atk.,* 547. 2 *Johns. Ch. Rep.,* 244.

There is little to be said in illustration of these points. The first is a principle settled in this State by the authorities cited, and the only question is, does it apply to the case

stated in appellant's petition? We contend it does. The case stated is merely cutting wood and timber on the lands of petitioner. This is an ordinary trespass, and the allegation that such cutting will produce irreparable injury, without showing how it would be irreparable, does not change the character of the injury or make it irreparable. If it were stated that there was any thing peculiar about the trees that were being cut, such as fruit trees, ornamental, &c., then the principle above stated might not apply, but a cutting of wood and timber as stated is not an irreparable injury but a common trespass, which may be repaired in damages. There is no trespass for which the remedy at law is more ample than the one here in question. Wood land in this country is valuable, according to the value of firewood and timber at that particular place, and has no other than its market price. The trees in this case are worth their market value for wood and timber, and the value can be given in damages in an action of trespass as readily as any other trespass can be repaired in damages.

The other question is, could an injunction be granted properly on a petition of the defendant, and that petition filed too in vacation and before the defendant had answered? This is to be settled by reference to the rules and practice of the chancery court of this State. In 2 *Bland,* 104, the chancellor says: "The only mode now in use of obtaining an injunction is by a bill;" so far as authority goes this seems to settle the point. These reports, I presume, are conclusive as to the chancery practice in Maryland. All the books on chancery practice lay down the same principle, that an injunction can only be obtained on a bill, and it seems right it should be so. The injunction is to be disposed of by the final decree, either by dissolving it or ruling it perpetual, but a final decree is passed upon bill, answer and proofs, not upon any collateral matter which a defendant may throw into a case by a petition. It is obvious too if such a proceeding as this could be sanctioned, great irregularity and confusion would occur in the trial of chancery causes. The complainant and defendant would have a sort of controversy thrown as an episode into

their main dispute.    There being no precedent for such a case, and the irregularity such a proceeding would give rise to, shows clearly it is not sanctioned by the practice in chancery.

By a cross-bill an injunction, upon a proper case being made, might no doubt be granted, but this petition is not a cross-bill, as will be seen by inspection, it does not make parties by praying answer and process.

*William Schley* for the appellee.

1st. The facts set forth in the petition show a case of waste and danger, which will justify the granting of an injunction for the protection of the property.    The destruction of *timber* trees is clearly waste and of an irreparable injury.    The *fact* alleged—the felling of timber trees—shows that the injury is not a mere trespass, but is technical waste.    The allegation, sometimes found in cases of application for injunctions, that "the injury is *irreparable*," that the party is "committing *waste*," and other like general averments, are insufficient, because the facts not being stated, it may be that the complainant's conclusion as to the nature and effect of the injury are wrong.    But if *the facts* are shown, the court is judicially informed of the nature and consequences of the acts of the wrong doer, and when it is shown that he is felling timber trees, enough is shown to justify the allegation, that he is committing waste.    The further fact that the appellee had no legal title, showed his case to be a proper one for the protection of equity, as in *Wagner vs. Cohen,* cited on the next point.

2nd. And the defendant might well proceed by a petition in the cause.    This mode of proceeding was adopted in the case of *Wagner and Marshall, vs. Cohen,* 6 *Gill,* 98, and no objection was taken by the counsel engaged, or by the court. In this case the court below, at the instance of the complainants, had exercised jurisdiction over the lot, and had enjoined the defendant; and why should not the defendant, by petition in the cause, enjoin the complainants, or one of them, from committing waste without being driven to a formal bill?    Why have *two* suits, when the controversy could be settled in *one*

suit? What *necessity* for a cross-bill in such a case? The rule to be deduced from the cases seems to be this, that where no new parties are to be brought in, and where the effect would not be to delay unreasonably the original cause, you may, by petition in the cause, engraft on a pending proceeding, a cognate proceeding pertaining to the property or fund in controversy in the pending cause. The following authorities justify this conclusion: *Baltzell vs. Foss,* 1 *H. & G.,* 504. *Hays vs. Miles,* 9 *G. & J.,* 193. *Wagner vs. Cohen,* 6 *Gill,* 98. 3 *Dan. Ch. Pr.,* 244. *Eden on Injunctions,* 377. 1 *Smith's Ch. Pr.,* 595. *Mayor, &c., vs. Bolt,* 5 *Ves.,* 129. *Codwise vs. Gelston,* 10 *Johns. Rep.,* 508.

3rd. The case upon its merits being a proper case for injunction, and the form of proceeding by petition being allowable, no mere formal defects in a petition like this, (if the omission to pray process be such,) can be taken advantage of on this appeal. By exceptions, or in some other specific manner, such an objection should be taken; at least, it ought to have been made the basis of a motion for dissolving the injunction, so that the omission might be repaired. It is not even relied on in the answer, and if it was so relied on, the answer would not be regarded on this appeal. *Wagner vs. Cohen,* 6 *Gill,* 97. But, in truth, it is a mere irregularity, and was waived by the appellant, when he appeared and filed his answer; until he had filed his answer he could not, under the act, pray for an appeal, as established by the case last cited.

4th. If the point be well taken by the appellant that there are no parties to the petition, then his appeal must be dismissed. The act of 1835, ch. 380, sec. 3, restricts the right of appeal to the defendant in the case, he having first filed his answer. If, therefore, the appellant's fourth point is well taken, he is not authorised to prosecute the present appeal, and the objection now made here would be a proper matter of suggestion and motion in the court below.

5th. The appeal should be dismissed for another reason. The act, already referred to, as construed in the case of *Wag-*

*ner vs. Marshall,* imposes on the defendant the duty of filing his answer, as a condition precedent to the right of appeal, "for the purpose of preventing unnecessary delay." (6 *Gill,* 102.) Now an answer which neither admits nor denies, traverses or avoids, specially or generally, any one allegation of the petition, but merely sets up the matter of alleged fraud, in violating an asserted parol agreement to buy as agent, is clearly short, and is liable to exception. *On this appeal,* the contents of the answer are immaterial, as the petition is to be taken as true. But inasmuch as in equity, that is not deemed as admitted which is not at all answered, such an *insufficient* answer, in case the cause should be reinstated in the court below, would produce delay. For exceptions would be necessary, and a *further* answer. And as the act requires an answer, it is but right to require a full and sufficient answer; and if an appeal shall be dismissed on this ground, it will be the appellant's own fault, because he had the opportunity to avoid this result by filing a proper answer. It is his duty to answer every part of the petition, and to admit all therein that is true. If he does less, he fails to do that on which his right of appeal, under the act aforesaid, is given. *Richter and Wheat, vs. Pue and Wife,* 9 *G. & J.,* 475.

*Scott* for the appellant, in reply.

Though the petition for injunction made no parties, so as to give it the character of a cross-bill, still the order for the injunction made Green such a party as gave him the right to appeal. If none but a party to a bill could appeal, then an injunction would be necessarily perpetual, for none but a party could move to dissolve, and if the principles contended for by appellee were true, and the court below were erroneously to grant an injunction against a person not a party, there would be no remedy. The true rule must be, that every person against whom an injunction issues may appeal, and have the grounds on which it issued revised. The answer is not looked to, because the answer is only regarded on a motion

to dissolve, but an appeal is in nature of a motion to dissolve, for having improvidently issued before answer.

The fact that there is no precedent for an injunction on such a petition as the one in this case, is conclusive, that it is not warranted by the rules of chancery proceedings. The practice of the court is as obligatory on the parties as the principles of equity. Courts must have rules to regulate their proceedings, and these rules must be adhered to, or they cease to be rules. If peculiar circumstances would justify a departure from established practice, there are no such circumstances in this case, all the party had to do was to file an original bill, which he could have done as easily as file his petition.

The cases referred to bear no analogy to this, nor do any of them involve the question at issue here. They seem to be cited for some general remarks made by the court—very unsafe guides, unless we limit the meaning, by reference to the case in which such general doctrines are stated. The language of a court, says a great judge, (Mansfield,) should always be understood in reference to the matter in controversy.

Cutting timber is not necessarily irreparable waste in this country. It may be in parts of England, where it could not be supplied, but here it must be a peculiar kind of timber to make the waste irreparable. If cutting wood and timber, without showing something which makes the injury irreparable, is ground for an injunction, it is difficult to imagine a case where an injunction would be refused on the ground that it was a mere trespass.

Tuck, J., delivered the opinion of this court.

The complainants filed their bill on the equity side of Harford county court, claiming to be the equitable owners of certain land therein mentioned, and alleging that the appellee, in fraud of their rights, and claiming to be the owner of the land, was committing waste, by cutting and selling the timber and other trees. The bill prayed for an injunction to preserve the property, and that the defendant might be decreed to convey the lands to the complainants.

14      v.4

The defendant, before answering the bill of complaint, filed his petition in the cause, alleging his title to the land in controversy, that the complainants were committing waste thereon, by cutting the timber and other trees, to the irreparable injury of the land, and to the great damage and loss of the petitioner. The court granted an injunction on this petition, from which Green, one of the complainants, appealed.

The only difference between this case and *Hamilton vs. Ely*, 4 *Gill*, 34, is, that there the acts complained of were not alleged to be irreparable—the petition in this case does contain such an averment. But the court held, that even then the bill would have been defective in not stating "the facts, to show the apprehension of further acts of trespass, well founded, to satisfy the conscience of the court." We do not wish to be understood as saying, that felling timber and other trees may not be restrained by injunction. But, on such application, it must appear that the trees have a peculiar value, or are of great importance to the estate; as, for example, that they are fruit or ornamental trees, or, if timber and wood, that the enjoyment of the estate will be so affected by their destruction, as to make the alleged damage irreparable. If compensation can be made, the remedy is at law. 9 *Gill and Johns.*, 474. 1 *Md. Rep.*, 525. The petition being defective in these respects, the injunction was improvidently granted.

We think that the objection to the form of the proceeding was not well taken. The controversy was pending in equity involving the title to the property, during which an application was made, looking to its preservation until the title could be ascertained. In principle the case does not differ from *Wagner vs. Cohen*, 6 *Gill*, 97. See also *Ches. and Ohio Canal Co., vs. Young*, 3 *Md. Rep.*, 480.

*Order reversed with costs, and cause remanded.*