## Thomas M. Lanahan *vs.* Patrick Gahan.

### *Injunction.*

Where the rights involved are purely legal, a Court of Equity will interpose by injunction solely to protect the property until such rights can be determined by a Court of law; and this protection will only be given in cases where the mischief threatened or impending is likely to be ruinous or irreparable.

Where after filing a bill praying that the defendant be enjoined from the use of a division wall between his lot and that of the complainant, the latter sells his property, the injunction will not issue.

Appeal from the Circuit Court of Baltimore City.

This was an appeal from a decree dissolving the injunction, issued upon the application of the appellant, and dismissing his bill. The case is sufficiently stated in the opinion of the Court.

The cause was argued before Bartol, C. J., Bowie, Alvey and Robinson, J.

*John Carson*, for the appellant.

*Patrick M'Laughlin*, for the appellee.

ALVEY, J., delivered the opinion of the Court:

The appellant seeks to restrain the appellee by injunction from the use of a division wall between their adjoining lots, alleging that such wall, being the northern wall of his building, is his exclusive property, and that the use attempted to be made of it by the appellee will weaken and impair it, and, at the same time, tend to destroy its exclusive character and convert it into a party wall. The appellee, on the other hand, contends that he has a right to use the wall as contemplated by him, because the same is partly located on his ground, and is not therefore the exclusive property of the appellant; and he denies that the use he was about making of the wall, being the insertion of joists for the extension of his building, would in any manner weaken or impair it, as alleged by the appellant.

It is plain, from the very nature of the claims and pretensions of the respective parties, that the rights involved are purely legal rights, and such as should be determined by a Court of law, and not by a Court of equity. The proper office of a Court of equity, as said by Lord COTTENHAM, in the case of *Harman vs. Jones*, 1 *Cr. & Phil.*, 301, upon applications of this kind, is not to ascertain the existence of a legal right, but solely to protect the property until that right can be determined by the jurisdiction to which it properly belongs; and this protection will only be given in cases where the mischief threatened or impending is likely to be ruinous or irreparable. An injunction is never granted to restrain a mere trespass, where the injury is not destructive and irreparable, but is susceptible of perfect pecuniary compensation by action at law. *Jerome vs. Ross*, 7 *John. Ch. Rep.*, 315. The

doctrine of Courts of equity upon this subject is briefly but fully stated by the Master of the Rolls, in the case of *Hilton vs. Granville*, 4 *Beav.*, 130, which was an application to have the defendant restrained from so working his mines as to injure or endanger the foundations of the plaintiff's house    He said : "The rights asserted on the part of the plaintiff and of the defendant are legal rights ; and the plaintiff, asking for the assistance of a Court of equity to protect him from a violation of his alleged legal rights, *ought* to shew that the right has been established, or that, having had no means of establishing it, but the right being *prima facie* well founded, the interference of this Court is necessary to prevent that species and extent of mischief which this Court calls irremediable, before the right can be established by legal proceedings." Indeed, upon this subject, no other authority is needed than the case of *Amelung, et al., vs. Seekamp*, 9 *Gill & John.*, 468, in which is fully sanctioned the doctrine just stated.

Now, supposing that it may be determined at law that the plaintiff's alleged right to the wall is well founded to the extent claimed by him, we have carefully examined the record in this case to ascertain whether there be evidence to show that, by the use of the wall as contemplated by the defendant, irreparable injury would likely result to the plaintiff, before the right can be tried and determined at law.    But that examination has utterly failed to discover any such evidence    On the contrary, the only evidence furnished by the record, as to the effect of the defendant's proposed use of the wall, is, that the wall itself would be strengthend instead of weakened by such use. . In reference to this, however, opinions may differ among those best able to judge.    But this fact is fully disclosed, that since filing the bill in this case, and being restrained by the injunction, the defendant not only desisted from the further use of the wall, but cut out the

joists already inserted, and provided other supports for his joists, and has completed his building. So that, in truth, the danger complained of is no longer impending, and therefore the injunction can be of no further necessity as a means of protection to the property. Moreover, it appears in the evidence that the plaintiff has, since the commencement of this litigation, sold his property; and if such be the case, it is not apparent that he is any longer interested in the subject-matter of the controversy.

Without in any manner expressing an opinion as to the grounds upon which this case was decided by the Court below, we shall affirm the order or decree appealed from, for the reasons we have stated.

*Decree affirmed.*

(Decided 18th December, 1872.)