Powell *vs.* Rawlings.

(Decided 25th June, 1873.)

---

JOHN SINGLETON POWELL *vs.* THOMAS RAWLINGS.

*When an Injunction will not issue.*

A Court of Equity will not grant an injunction to restrain a party from cutting down trees, it appearing that they have no peculiar value, and that adequate compensation for their destruction, could be obtained by an action at law.

APPEAL from the Circuit Court for Montgomery County, in Equity.

Upon the bill filed in this case by the appellee, asking that an injunction might issue to restrain the appellant from committing further waste and damage by cutting down and destroying valuable pine trees upon the premises of the complainant to his irreparable injury, the injunction issued as prayed. The defendant answered claiming title to the land upon which the alleged trespass was committed; and after filing his answer moved to dissolve the injunction. A commission was issued and a large amount of testimony taken on both sides. The

Powell *vs.* Rawlings.

Court (Bouic and Lynch, J.,) after full argument by the counsel of the respective parties, passed a decree overruling the motion to dissolve, and making the injunction perpetual, but without prejudice to the defendant's right to assert his title at law by action of ejectment, if he should 'think proper so to do. From this decree the defendant appealed.

The cause was argued before Bartol; C. J., Bowie, Grason, Miller and Robinson, J.

*John S. Tyson,* for the appellants.

*William H. Tuck,* for the appellee.

·Robinson, J., delivered the opinion of the Court.

The bill alleges that Thomas H. Rawlings in the year 1838, purchased the tract of land in question of a certain Patrick Lyddane, and by deed duly executed, conveyed the same to the complainant in the year 1843, and that since that time he has been in possession and has exercised exclusive ownership over said tract of land ; that the appellant under a pretended claim of title to a portion of said tract, has entered upon the same and cut down and destroyed a large number of pine trees growing upon said land, and has threatened further to cut down and destroy other valuable pine trees upon said premises, to the irreparable damage of the complainant, &c., and prays the Court to grant an injunction forbidding and enjoining the said Powell from committing further waste, &c.

The defendant in his answer claims title to the tract of land upon which the alleged trespass was committed, and denies that the complainant has been in possession of the same.

The cause is submitted on bill, answer and proof.

Assuming that the averments in the bill are sufficient, and that the complainant has satisfactorily established his title to the land in dispute, without however so deciding, we are of opinion that the proof wholly fails in presenting a case such as to warrant the interference of a Court of Equity by injunction.

It has been repeatedly held by this Court, that a party is not entitled to an injunction to restrain a *mere trespasser*, but that the trespass must be of such a character as *goes to the destruction of the inheritance*, or which the party could not be *adequately compensated for by pecuniary damages*. *White vs. Flannigain*, 1 *Md.*, 539; *Green vs. Keen*, 4 *Md.*, 98; *Shipley vs. Ritter*, 7 *Md.*, 408; *Davis, et al. vs. Reed*, 14 *Md.*, 153.

In *Green vs Keen*, 4 *Md.*, 106, in speaking of an application for an injunction to restrain a party from cutting trees, the Court say,

"On such application it must appear, that the trees have a peculiar value, or are of great importance to the estate; as, for example, that they are fruit or ornamental trees, or if timber and wood, that the enjoyment of the estate will be so affected by their destruction as to make the alleged damage irreparable."

The proof does not show that the trees growing on the land in question, have a peculiar value, or that the enjoyment of the property will be so affected by their destruction as to make the alleged damage irreparable.   On the contrary the wood land in dispute embraces only about *four acres*, covered by a growth of *ordinary pine* trees, the value of which, according to the testimony of the complainant himself is about *ten dollars* per acre.   So if the appellant had cut down all the trees growing upon the land in dispute, the damages would not have exceeded fifty dollars.

Mr. Stabler who knows the land upon which the trespass is alleged to have been committed, says the timber,

owing to the location of the land was of no value except for fire-wood—and not very good even for such a purpose, and in his judgment the land was the more valuable by having the pine wood cut off.

It is unnecessary to extend this opinion by a review of the testimony for it entirely fails to present a case justifying the granting of an injunction.

*Decree reversed, injunction*
*dissolved and bill dismissed.*

(Decided June 25th, 1873.)