(Decided 25th January, 1883.)

---

JOHN W. WHALEN *vs.* ELIAS E. DALASHMUTT.

*Injunction—Disclaimer by the party sought to be Enjoined—Legal rights and questions inappropriate to a Court of equity—Case where Court should not interfere by Injunction.*

It is a well settled principle in the practice of injunction, that where a defendant asserts positively that it is not his intention to do a certain act, or to violate any particular right asserted by the plaintiff, and there be no evidence to show to the contrary, the Court will not interfere by injunction.   It will neither grant nor continue an injunction in the face of such disclaimer.

The contention between the parties in a case of application for an injunction, related to the right of the defendant to erect an awning post at a certain place, and depended upon the true construction of the title deeds under which the respective parties claimed, upon the exact location thereof, and upon questions of adverse holding and user by the owners of the respective premises.   HELD:

1st. That these were all purely legal rights and questions, not at all appropriate to a Court of equity.

2nd. That they appropriately belonged to a Court of law, to be tried and determined in an action of ejectment, or an action of trespass.

3rd. That the case presented no element or equitable circumstance to justify a Court of equity in assuming jurisdiction of it.

The complainant alleged in his bill that the defendant was about to erect upon the pavement a permanent iron awning post to be inserted into the soil for the purpose of support to a permanent awning frame, and "which said erection will operate as a continuing trespass to the great and irreparable injury of the property of the complainant." But he failed to show, either by allegation or proof, how or in what manner such irreparable injury was to follow such erection. HELD:

That having failed to present a case in which he was unable to recover full and ample redress in an action at law, the complainant was not entitled to the extraordinary aid of a Court of equity by way of injunction.

APPEAL from the Circuit Court for Frederick County.

The bill in this case was filed by the appellee against the appellant; and the appeal is taken from the decree of the Court below, (LYNCH, J.) making perpetual the injunction asked for in the bill. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, STONE, ROBINSON, and IRVING, J.

*James McSherry*, for the appellant.

*William P. Maulsby, Jr.*, and *James W. Pearre*, for the appellee.

ALVEY, J. delivered the opinion of the Court.

The claim on the part of the defendant to the exclusive user of the alley mentioned in the bill, and to the right to replace the stair-way removed therefrom, having been renounced by him in such unconditional and unequivocal manner as to preclude him in this, or in any other like pro-

ceeding, from re-asserting such claim, that ground of the plaintiff's bill for an injunction is completely removed. For it is a well settled principle in the practice of injunction, that where a defendant asserts positively that it is not his intention to do a certain act, or to violate any particular right asserted by the plaintiff, and there be no evidence to show to the contrary, the Court will not interfere by injunction. It will neither grant nor continue an injunction in the face of such disclaimer. *Woodman vs. Robinson*, 2 *Sim.*, (*N. S.*) 204, 210 ; *Fooks vs. Wilts, Somerset & Weymouth R. Co.*, 5 *Hare*, 199, 202; *Hanson vs. Gardiner*, 7 *Ves.*, 305 ; *Kerr on Inj.*, 198.

The whole question then comes down to the right of the defendant to erect the awning post at the curb on the side walk of the street, at the end of a small disputed strip of ground, running across the pavement, of the width of from twenty to thirty inches, on the north side of a small gutter or drain, running down the alley to the street gutter, between the premises of the plaintiff on the north and the premises of the defendant on the south, in the city of Frederick.

The exclusive title to this small strip of ground, extending over the pavement, as shown by the plats exhibited in the cause, is asserted on the part of the plaintiff to be in himself, while, on the other hand, such pretension is positively denied by, and the right thereto is claimed to be in, the defendant, subject to the right of an easement therein by the plaintiff, and those claiming under him.

The determination of this contention depends upon the true construction of the title deeds under which the respective parties claim, upon the exact location thereof, and upon questions of adverse holding and user by the owners of the respective premises. These are all purely legal rights and questions, not at all appropriate to a Court of equity. They appropriately belong to a Court of law, to be tried and determined in an action of eject-

Whalen *vs.* Dalashmutt.

ment or an action of trespass. The case really presents no element or equitable circumstance to justify a Court of equity in assuming jurisdiction of it.

It is true, a Court of equity will assume jurisdiction to aid and protect a legal right, until it can be asserted and established in a Court of law; but the application for such protection and assistance being founded on the existence of the legal right, the party seeking the protection of the Court must be able to show a fair *prima facie* case in support of the title which he asserts. In such case, the irreparable or serious nature of the injury to which the property in question is subject, and will likely sustain, before the legal right can be fully vindicated in the proper *forum,* being the equity on which the application for an injunction is founded, it is incumbent upon the party making the application to allege and show such state of facts and circumstances as will clearly satisfy the Court that irreparable injury will be sustained, if not restrained by injunction. But if a party has a full and complete remedy at law, equity will extend no relief to him ; though it is otherwise if the legal remedy, for any substantial reason, be not full and adequate to the nature and circumstances of the case. The Court will never grant an injunction to restrain a mere trespass, where the threatened injury is not irreparable and destructive of the plaintiff's estate, but is or will be susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. In this case, it is true, the plaintiff alleges in his bill that the defendant is about to erect upon the pavement a permanent iron awning post to be inserted into the soil, for the purpose of support to a permanent awning frame, and "which said erection will operate as a continuing trespass, to the great and irreparable injury of the property of the complainant." But the plaintiff has failed to show, either by allegation or proof, how, and in what manner such irreparable injury

Whalen *vs.* Dalashmutt.

is to follow the erection of the small awning post at the point designated on the plats, if it should be erected. Upon the assumption that he has a good legal title to the small strip of ground in controversy, and that he will be able to establish such title, we utterly fail to perceive how he will be irreparably injured by the erection of the post, or why he will not be able to recover full and ample compensation for any injury that he may suffer, by reason of such erection, in an action at law. And if that remedy be full and adequate, it is clear, upon all the authorities, the plaintiff is not entitled to the extraordinary aid of a Court of equity by way of injunction. The cases are full to this effect, and we need only refer to *Amelung vs. Seekamp,* 9 *G. & J.,* 468; *Hamilton vs. Ely,* 4 *Gill,* 34; *White vs. Flannigan,* 1 *Md.,* 525; *Lanahan vs. Gahan,* 37 *Md.,* 105; *George's Creek Co. vs. Detmold,* 1 *Md. Ch. Dec.,* 371; *Jerome vs. Ross,* 7 *John. Ch.,* 315.

The learned Judge below regarded the question of jurisdiction as not free from doubt, and we think he ought to have resolved that doubt in favor of the defendant, and dismissed the plaintiff's bill. We must reverse the order appealed from, dissolve the injunction, and dismiss the bill with costs.

*Order reversed, injunction*
*dissolved, and bill dismissed.*

(Decided 25th January, 1883.)