HEANEY ET AL., RESPONDENTS, *v.* THE BUT AND MONTANA COMMERCIAL COMPANY, PELLANT.

INJUNCTION — *Trespass.* — A trespass, as such, is not subject to the control of a cou of equity by injunction.

SAME — *Same.* — An injunction issued to restrain a trespass will be dissolved where it does not appear that the injury complained of is irreparable and destructive of the estate in the character in which it is enjoyed, or that the ordinary remedy of a judgment at law is rendered inadequate by the insolvency of the defendant.

*Appeal from Eighth Judicial District, Cascade County.*

'. The orders granting and refusing to dissolve the injunction were made by Benton, J.

Statement of the case by the judge delivering the opinion.

The action is for damages and injunction. The wrong complained of is that defendant entered upon the land of plaintiffs, trespassed upon the same, and cut down the trees upon the land. An injunction was issued upon the complaint. That pleading sets forth the following facts material to this inquiry:—

The plaintiffs are the owners, and at the time of the commission of the alleged wrongs were in the possession of a limestone mining claim, describing the same. The claim was discovered and located December 18, 1890. That it is chiefly valuable for the deposits of limestone thereon, and that the plaintiffs intend presently to mine the same, and extract the limestone, and to erect kilns thereon to burn the limestone and prepare it for market; that to do so large quantities of fuel will be required, and a large amount of timber and wood will be used in mining the claim and burning the limestone; that before the wrongs complained of there were growing upon said claim about four thousand trees of the proper size, character, quality, and kind for fuel and use in such business, and were necessary and needful to the plaintiffs in said business; that it was and is the desire and intention of plaintiffs to use said trees for said business; that the claim is remote from a railroad, and there is little timber near by, and to obtain timber or wood for the purposes aforesaid, from lands other than said claim, would necessitate great and excessive expense and outlay, and practically prevent the plaintiffs from engaging in or carrying on said business, or cause the same to result in failure or loss to plaintiffs; and that owing to the location and situation of said claim, it is difficult to have conveyed or brought thereon any considerable amount or quantity of timber, or wood, or material for fuel. Then follow allegations that defendant trespassed upon said claim, and cut down about three thousand five hundred of said trees, to the damage of plaintiffs in fifteen hundred dollars; that defendant threatens to continue said acts, to remove the trees cut, and to fell the remaining trees, and to deprive plaintiffs of the same; that plaintiffs believe that defendant will fell

and remove all said trees, unless restrained by the court; that if the trees are so removed, the same cannot be returned to said claim, and will be forever lost to plaintiffs; that plaintiffs will suffer great and irreparable injury, and are without a complete and speedy remedy at law. A perpetual injunction is prayed, and also an interlocutory order restraining defendant *pendente lite.*

Upon this complaint an injunction issued, restraining the defendant as prayed for, until the further order of the court.

Defendant moved for the dissolution of the injunction on the ground, among others, that the facts set forth in the complaint do not justify the issuance of the injunction, as plaintiffs have their remedy at law. The motion was denied. Defendant appeals from the order denying its motion, and also from the order allowing the issuance of the writ.

*Thomas E. Brady,* for Appellant.

It is a well established principle that in trespass cases the injury complained of must be shown to be *irreparable* to justify the interference of a court of equity. (1 High on Injunctions [2d ed.], § 22, and cases cited; *Potter* v. *Schenck,* 1 Biss. 515; *Citizens' Coach Co.* v. *Camden Horse R. R. Co.* 29 N. J. Eq. 299.) It is not sufficient to allege that the injury complained of or threatened is irreparable, the facts must appear on which the allegation is predicated in order that the court may be satisfied as to the nature of the injury. (*Branch Turnpike Co.* v. *Supervisors,* 13 Cal. 190; *Leitham* v. *Cusick,* 1 Utah, 242; *Battle* v. *Stephens,* 32 Ga. 25.) The injury to be irreparable must be of such a nature as not to be susceptible of adequate pecuniary compensation in damages. (*Weigel* v. *Walsh,* 45 Mo. 560; *Bethune* v. *Wilkins,* 8 Ga. 118; *Vanwinkle* v. *Curtis,* 3 N. J. Eq. 422; *Shipley* v. *Ritter,* 7 Md. 408; 61 Am. Dec. 371.)

We need go no further than plaintiffs' complaint to ascertain that the injury is not irreparable; the plaintiffs do not even allege that this timber is necessary, nor that it cannot be replaced, but content themselves with the statement that *it is their intention to use it* for such purpose, and admit that it can be substituted at greater expense. Our statutes provide ample remedy

at law for these plaintiffs by fixing the penalty for any wrongful taking, such as that complained of, at treble the value of same or treble the amount of damages. (Comp. Stats. first div. § 363.)  And why not?  There is no allegation that the defendant is insolvent, or that a judgment for such injury could not be made out of its property, and their open acknowledgment that their damages can be measured pecuniarily should estop them from receiving the extraordinary relief of a court of equity. (*Cowles* v. *Shaw*, 2 Iowa, 496; *McMillan* v. *Ferrell*, 7 W. Va. 223; *Western M. & M. Co.* v. *Virginia C. C. Co.* 10 W. Va. 250.)

No brief on file for Respondents.

DE WITT, J.—A trespass, as such, is not subject to the control of a court of equity, by injunction. (*Stevens* v. *Beekman*, 1 Johns. Ch. 317; *Livingstone* v. *Livingstone*, 6 Johns. Ch. 497; 10 Am. Dec. 353; *Jerome* v. *Ross*, 7 Johns. Ch. 315; 11 Am. Dec. 484; *Shipley* v. *Ritter*, 7 Md. 408; 61 Am. Dec. 371; *Cowles* v. *Shaw*, 2 Iowa, 499; *Kerlin* v. *West*, 4 N. J. Eq. 449; *Bethune* v. *Wilkins*, 8 Ga. 118; *Citizens' Coach Co.* v. *Camden Horse R. R. Co.* 29 N. J. Eq. 299; *Western M. & M. Co.* v. *Virginia C. Coal Co.* 10 W. Va. 296; *McMillan* v. *Ferrell*, 7 W. Va. 223.)  But an injunction may issue to prevent a trespass in " cases of great and irremediable mischief, which damages could not compensate, because the mischief reaches to the very substance and value of the estate, and goes to the destruction of it in the character in which it is enjoyed. (*Jerome* v. *Ross, supra.*)  In this case is an extensive review of the decisions by Chancellor Kent, and a clear statement of the principles governing the invocation of the writ of injunction against trespass. (See, also, to the same effect the cases last cited above, and *Davis* v. *Reed*, 14 Md. 142; *Green* v. *Keen*, 4 Md. 98; *Weigel* v. *Walsh*, 45 Mo. 560; *Anderson* v. *Harvey's Heirs*, 10 Gratt. 398.)

That equity may restrain trespass, the injury must appear to be irreparable, and that the plaintiff has no adequate remedy at law.  In the case at bar, the plaintiffs have a remedy in an action at law.

Is that remedy adequate? Is there anything to show that it is not? An important element in demonstrating that the remedy at law is inadequate is a showing that the defendant is insolvent, and that therefore a judgment at law would be worthless. (*Musselman* v. *Marquis*, 1 Bush, 463; 89 Am. Dec. 637; and *Cowels* v. *Shaw*, *McMillan* v. *Ferrell*, *Western M. & M. Co.* v. *Virginia C. C. Co.*, *Kerlin* v. *West*, and *Weigel* v. *Walsh*, cited above.)

In the case at bar it does not appear that the defendant is insolvent. Plaintiffs could recover from it in law the full amount of the damages they suffered.

The law, as we deduce it from the cases, is, that in order to enjoin a trespass, it must appear that the injury is irreparable, and destructive of the estate in the character in which it is enjoyed. Applying the rule to the case at bar, we observe that the estate had not been used at all. The character in which plaintiffs intended to use it was as a limestone mine. Cutting the timber from the mine would not destroy or injure the mine. It would result only in rendering fuel and timber at the mine more expensive. Plaintiffs say that they could not get the trees back again. Is there anything about the trees that makes them peculiarly useful as fuel or timber? Chancellor Kent says, in *Jerome* v. *Ross, supra:* "The plaintiff speaks of the injury as irreparable, because the loads of stone, taken from the mass of rock, cannot be replaced or restored; but as he does not state that the rock was of any use to him, as proper or fit for building, fencing, etc., or that it was even desirable as an object of ornament or taste, there was no need of having the same identical fragments of stone replaced, and the injury was not, in the sense of the law, irreparable. It was susceptible of a perfect pecuniary compensation. The case, therefore, seems to resolve itself into this single point, whether a court of equity ought to interpose, by injunction, to restrain a trespass, when the injury does not appear to be irremediable and destructive to the estate, and when the ordinary legal remedy in the courts of law can afford adequate satisfaction."

It was by no means necessary in the case at bar that plaintiffs should have the identical trees for fuel and timber. Plaintiffs say that it is difficult to have conveyed to the ground any con-

siderable amount or quantity of timber, or wood, or material for fuel, and to so convey it would necessitate great and excessive expense and outlay, and cause the working of the mine to result in failure or loss to plaintiffs. But removing the wood, which plaintiffs intended to use as fuel and timber, does not destroy the inheritance, does not ruin the estate, as is said in the decided cases. It is said to cause a loss and damage, for which plaintiffs may recover the full value at law, and for all that appears in the record, such amount recovered will be collected from defendant.

Chancellor Kent says (*Stevens* v. *Beekman, supra*): "This is a case of an ordinary trespass upon land and cutting down the timber. The plaintiff is in possession, and has adequate and complete remedy at law. This is not a case of the usual application of jurisdiction by injunction; and if the precedent were once set, it would lead to a revolution in practice; for trespasses of this kind are daily and hourly occurring."

There is sometimes difficulty in determining whether the trespass is of such a character as will warrant the interposition of an injunction. The cases must stand upon their own facts. The chancellor has, as has also the appellate court, the whole matter under view, and must decide the equity of each case.

The case before us does not present difficulty. We observe that the injury to plaintiffs is not of that particular or special nature that goes to the destruction or ruin of the estate in the character in which it is proposed to enjoy it; and the injury is not shown to be irreparable, in that, if the complaint of injury be well founded, plaintiffs have a right to a judgment at law for the whole damage that can be shown, which judgment, as far as the record discloses, is collectible from a solvent defendant.

It is therefore ordered that the orders of the District Court granting the injunction, and refusing to dissolve the same, be reversed, and the case remanded, with directions to that court to dissolve the injunction.

Blake, C. J., and Harwood, J., concur.