# JAMES P. BANNON *vs.* JOHN R. SHEKELL.

*Game Law—Location of Blinds for Shooting Wild Fowl on South River in Anne Arundel County—Rights Conferred by License—Priority.*

Local statutes regulating the shooting of wild fowl in Anne Arundel County (Code, P. L. L., Art. 2, secs. 253-259), provide that before any person shall place any blind in the waters of South river and shoot therefrom he shall obtain a license from the Clerk of the Court for a certain sum for a year and shall have the right to renew the same from year to year. It is also provided that no blind shall be established at a point nearer than 300 yards to a blind previously licensed and established. The bill in this case alleged that the plaintiff applied for a license to place a blind in the waters of said river at a place known as Round Point and subsequently on May 1st, the clerk issued a license to plaintiff therefor, but on the same day the clerk issued a license to defendant to place a blind at the same place ; that plaintiff's first application gave him the prior and sole right to place a blind at or off Round Point and the bill prayed for an injunction to restrain defendant from placing a blind there, etc. *Held*,

1st. That the license issued to the plaintiff authorizing him to place a blind "off Round Point in the waters of South river," creates no right in any precise location, but authorized him to select any spot not within the prohibited distance from a previously established blind.

2nd. That numerous blinds might legally be established "off Round Point," and as between any two licenses regularly issued priority of right depends upon priority of establishment, and the prohibition against establishing a blind within 300 yards of one which has been licensed must be construed to mean one which has been licensed and established.

3rd. That since the bill in this case does not allege that the plaintiff had established a blind, or that the defendant was about to establish one within 300 yards of plaintiff's location, the decree below sustaining a demurrer to the bill and dismissing the same was properly passed.

Appeal from a decree of the Circuit Court for Anne Arundel County (REVELL, J.)

The cause was argued before McSHERRY, C. J., FOWLER BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*E. C. Gantt*, (with whom was *Jas. P. Bannon* on the brief), for the appellant.

*Robert Moss*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

The appellant filed a bill in the Circuit Court for Anne Arundel County for an injunction to restrain the appellee from placing a ducking blind "at or off the place or point in the waters of South river, known as 'Round Point' or 'Blacksmith's Hammer,' and from shooting wild fowl therefrom." The appellee demurred to the bill, and the Court sustained the demurrer and dismissed the bill.

Sec. 254 of the Local Law of Anne Arundel County regulating the shooting of wild fowl provides that before any person shall place any blind in the waters of South river and shoot therefrom, he shall obtain a license therefor from the Clerk of the Circuit Court, upon payment of $2.50-100, and "the holder of such license shall have the right over any other person to renew his license from year to year," provided he secures a new license on or before May 15th, in each year.

Sec. 255 provides that "after said blind has been licensed," no blind shall be established at a point nearer to said blind than three hundred yards.

Sec. 256 imposes a fine of from $5.00 to $20.00 for violation of sec. 255, and an additional fine of $5.00 upon the owner of any blind who shall establish a blind within three hundred yards of another already licensed and established, for each week it remains after notice to remove by the owner of the blind first established.

Sec. 259 provides that all licenses shall begin on May 1st and continue for one year.

The bill alleges, 1st. That Geo. W. Duvall, on May 1st, 1899, obtained a license in accordance with law to place a blind in the waters of South river "at a place or point on said river known as 'Round Point' or 'Blacksmith's Hammer,' and to shoot therefrom."

2nd. That Duvall died in the year 1900, without having renewed his license.

3rd. That sometime in April, 1900, and after Duvall's death, plaintiff applied to the Clerk of the Court for a license to place a blind "at said place on the waters of South river, formerly occupied by said Duvall, and to shoot wild fowl therefrom," and then paid the proper license fee to said Clerk, who declined then to issue him a license either for the unexpired year ending May 1st, 1900, or for the ensuing year.

4th. That on May 1st, 1900, the Clerk issued to the appellant the *license applied for*.

5th. That on the same day, the Clerk unlawfully issued to the defendant a similar license to place a blind and to shoot therefrom, "at the same place or point on said waters as that described in the license to plaintiff."

6th. That defendant "is about to place said blind off said 'Round Point' or 'Blacksmith's Hammer,' and to shoot therefrom, to the injury and destruction of plaintiff's rights."

7th. That plaintiff "is entitled to the sole right of placing a blind at or off 'Round Point' or 'Blacksmith's Hammer,' by reason of his having made application therefor before the application of defendant, and having paid the license fee therefor, and that he is entitled to have the defendant restrained, &c."

There was filed with the bill, as an exhibit, the license issued to the plaintiff, which it will be seen does not mention the place formerly occupied by Duvall, but confers general authority to place one blind "off Round Point or Blacksmith's Hammer, in the waters of South river," so that the license granted neither creates any specific right in, or preference to, the precise location established by Duvall, nor restricts the appellant to that precise location. Under it, he had the right to establish his blind at *any* point in the waters of South river off Round Point or Blacksmith's Hammer, which he might select, provided only he did not establish the same at a point less than three hundred yards from any blind previously licensed. The license issued on the same day to the appellee, is averred by the bill to be "similar" to that issued

to the appellant, and these two licenses therefore conferred equal rights upon the licensees. It was the duty of the clerk to issue as many licenses as were applied for by qualified persons, leaving them to establish their blinds, and thereby to fix and determine their respective rights thereunder in accordance with the provisions of the law, since there is no requirement, either that the applicant shall select, or that the license shall specify, any particular point or spot for the location of his blind. The authority contemplated by the language of the law embraces all the waters of South river. As between any two licensees therefore, if the licenses are issued in conformity with the general terms of the law, priority of right must depend upon priority of establishment, and the prohibition against establishing a blind within three hundred yards of one which has been *licensed*, must be construed to mean one which has been *licensed and established.* Indeed both these words are used in sec. 256, in imposing an additional fine for the maintenance of a blind within the prohibited distance, after notice to remove it.

It is obvious that from any given point, (using the word in its geometrical sense), off "Round Point" or any designated shore locality, numerous blinds, might be established, all conforming to this requirement of law, but varying in number with the conformation of the shore line and the area of adjacent waters. Thus, "off of" a long projecting point of land taking its extremity as the centre of a circle, a larger number of blinds conforming to the distance limit could be established, than upon a long stretch of straight shore line, or "off of" some short and insignificant point of land.

The bill predicates a claim of prior right upon the priority of application accompanied by payment of the license fee, but we cannot perceive how, in view of the necessity of establishing a blind, as the foundation of right to a location, these circumstances can create any priority of right. There is no averment in the bill that the appellant had established any blind, though the bill was not filed until September 11th, more

than four months after his license was issued, and until he did so, we cannot perceive how he could sustain an averment that the appellee was about to establish a blind which would result in the injury or destruction of his rights. Moreover, the bill does not charge that the appellee was about to establish a blind within three hundred yards of his location, which is the only prohibited act, but merely that he was about to establish it "off Round Point," and we have already shown this might well be, without offending against the prohibition of the law. Even if the appellant had established his blind, it would be necessary to allege distinctly that the appellee was about to establish his within three hundred yards, in order to show any threatened invasion of the appellant's rights. The vague and indefinite allegations of fact made in this bill do not establish any such clear and definite right in the appellant as it is essential to show, and even if they did so, there is no sufficiently clear and definite averment of any purpose of the appellee to invade such right. The demurrer admits only such facts as are so pleaded as to establish a clear and definite right in the appellant, and a threatened violation of that right, for which no adequate legal remedy could be had. With respect to the sufficiency of the facts alleged in the bill, the cases all hold that a clear *prima facie* case demanding redress must be made by the allegations of the bill, to warrant the granting of an injunction. *Miller's Equity*, sec. 581, and note 5.

And this rule is strictly observed in cases seeking preventive relief, not against the continuance or repetition of a wrong, but against the anticipated or threatened commission of a wrong. *Suit* v. *Creswell*, 45 Md. 530.

It is at least extremely doubtful whether under any bill which could be framed for the purpose sought by this bill, an injunction could be granted, since it is difficult to perceive why the appellant could not recover in an action at law, full and ample compensation for any injury he might suffer from the erection of a blind within three hundred yards of his blind. *Whalen* v. *Delashmutt*, 59 Md. 250.

We think the Circuit Court was entirely correct in sustaining the demurrer and dismissing the bill.

> *Decree affirmed with costs to the appellee, above and below.*

(Decided March 6th, 1902.)