THE WEST POINT IRON COMPANY, Respondent, v. JAMES D. REYMERT and CHARLES D. SCHUBARTH, Appellants.

A reservation in a deed will not give title to a stranger, but it may operate, when so intended by the parties, as an exception from the thing granted, and as notice to the grantee of adverse claims as to the thing excepted or "reserved."

In an action concerning real property, the claim that the trial should be had in another county and by jury, is waived by omitting to make such claim on the trial.

Mines, quarries and timber are protected by injunction, upon the ground that injuries to and depredations upon them are, or may cause, irreparable damage, and with a view to prevent multiplicity of suits; nor is it necessary that the plaintiff's right should be first established in an action at law.

A certificate of acknowledgment, taken in 1828, stating that the persons acknowledging were known to the officer "to be the persons who executed" the deed, was a substantial compliance with the statute.

(Argued June 8th; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the second district, affirming a judgment for the plaintiff on a trial by the court without a jury.

The place of trial named in the complaint is Putnam county; the trial was had at Poughkeepsie, without any order for the change of the place of trial, but without objection at the trial.

The plaintiff claimed to be the owner of an iron mine, known as the "Pratt Iron Mine," in Putnam county. The defendants deny the plaintiff's title to the mine, and claim under a mining lease granted to them by Benjamin Forman, the surface proprietor of the farm upon which the mine is located. This action is for an injunction and damages. The question on the trial was upon the plaintiff's title to the mine. The plaintiff proved title by a possession and claim of ownership in one Abijah Pratt, Sr., his heirs, and their grantees down to the plaintiff, for a period of at least fifty years. Also by a chain of paper title, commencing with a deed from John Bailey to William W. Pratt, dated November 24, 1827,

and ending in a deed to the plaintiff. The officer taking the acknowledgment of this Bailey deed certified "came before me" the grantors, "known to me to be the persons who executed the within deed," etc., January 14, 1828. Also, by producing the deeds under which Benjamin Forman (the lessor of the defendants) derives his title, in which deeds was a clause "reserving the right to William W. Pratt to a vein of ore now wrought by him on the premises."

The defendants claim that they had expended money in good faith in developing the mine, in ignorance of plaintiff's title, and claimed the right to be reimbursed for such outlay. To answer this the plaintiff proved actual notice to the defendants before they made the outlay, and that when Forman executed the lease to defendants, he told them he did not own the Pratt mine, and had never owned it.

The court found and decided in favor of the plaintiff. and granted the injunction prayed for.

*George W. Stevens,* for the appellant, as to the place and manner of trial, cited *Bradley* v. *Aldrich* (40 N. Y., 504); *People* v. *Cent. R. R. of New Jersey* (24 N. Y., 283). That the equitable relief should not be granted until after an action at law, he cited *Heywood* v. *City of Buffalo* (14 N. Y., 540); *Bradley* v. *Aldrich* (40 N. Y., 504); *Mann* v. *Fairchild* (2 Keyes, 111). That the certificate of acknowledgment was defective, he cited *Norman* v. *Wills* (17 Wend. 136); *Gillett* v. *Stanley* (1 Hill, 121). On the merits, he cited Shep. Touch., 80; 4 Greenl. Cruise Dig., 272; *Sprague* v. *Snow* (4 Pick., 54); *Craig* v. *Wells* (1 Kern., 315); *Corning* v. *Troy Iron Co.* (40 N. Y., 191); *Clark* v. *Cottrell* (42 N. Y., 527); *Williamson* v. *Brown* (15 N. Y., 354); *Childs* v. *Clark* (3 Barb. Ch., 52); *Hornbeck* v. *Westbrook* (9 J. R., 73); *Sherry* v. *Fricking* (4 Duer, 452); *Crary* v. *Goodman* (22 N. Y., 170); *Rich* v. *Baker* (3 Den., 79); *Frost* v. *Duncan* (19 Barb., 560); *Cole* v. *Blunt* (2 Bosw., 125); *Livingston* v. *Brosser* (2 Hill, 526).

*Amasa J. Parker* and *E. A. Brewster*, for the respondent, insisted that the claim to jury trial, and in Putnam county, was waived. (*Penn. Coal Co.* v. *Del.. & H. Canal Co.*, 1 Keyes, 72.) That an injunction was necessary and proper, and suit therefor properly brought. (*Livingston* v. *Livingston*, 6 John. Ch., 497; *Corning* v. *Troy I. & N. Fa'cy.*, 40 N. Y., 191; 2 Story Eq., § 929.) The certificate of acknowledgment was sufficient. (*Thurman* v. *Cameron*, 24 Wend., 87; *Jackson* v. *Gumaer*, 2 Cow., 532; *Troup* v. *Haight*, Hopkins, 239; *Deas* v. *Glover*, 1 Hoffm., 71; *Duval* v. *Covenhoven*, 4 Wend., 561; *Hunt* v. *Johnson*, 19 N. Y., 279).

ALLEN, J.  The action was tried in the county of Dutchess, and by the court without a jury, without objection on the part of the defendants. If the trial should have been in Putnam, and by a jury, it was for the defendants to assert their rights at the trial; and by not then claiming them, they waived them, and must be regarded as having assented to the place and mode of trial.

It was a proper case for relief by injunction, if the plaintiff's right to the mine was established, and it was not necessary that the right should be first established in an action at law. The injury complained of was not a mere fugitive and temporary trespass, for which adequate compensation could be obtained in an action at law, but was an injury to the corpus of the estate.

Mines, quarries and timber are protected by injunction, upon the ground that injuries to and depredations upon them are, or may cause, irreparable damage, and also with a view to prevent a multiplicity of actions for damages that might accrue from a continuous violation of the rights of the owners. (*Livingston* v. *Livingston*, 6 J. C. R., 497; *Thomas* v. *Oakley*, 18 Vesey, 184, Story's Eq. Juris., §§ 929 and *seq.*) Equity will interpose by injunction to prevent an encroachment upon the rights of a proprietor in a running stream, and will exercise jurisdiction to compel a restoration of running water to

its natural channel. (*Corning* v. *Troy Iron and Nail Factory*, 40 N. Y., 191.) The certificate of acknowledgment of the grant from Bailey and wife to William W. Pratt was sufficient in form, the commissioner by whom the same was taken certifying that the persons acknowledging the execution were known to him " to be the persons who executed the " deed. (*Jackson* v. *Gumaer*, 2 Cow., 552 ; *Troup* v. *Haight*, Hopk., 239 ; *Hunt* v. *Johnson*, 19 N. Y., 280.) The certificate was a substantial compliance with the act under which it was taken (1 R. S., 369, §§ 1, 2.) ; and as it is only *prima facie* evidence of the facts stated, and may be contradicted, and is in one of the forms very generally followed, it ought not to be rejected for want of a literal adoption of the very words of the statute. The plaintiff made a *prima facie* title to the mine, and showed the use and occupation of it by those from whom title was derived for a long series of years. The earliest recognition of the plaintiff's title was in a deed, under which the defendants' lessor derived his title, from Thomas D. Denny and wife to John and James Bailey, bearing date August 27th, 1824, conveying the tract of land within which the mine is situated, and "excepting an ore bed conveyed to Abijah Pratt by Richard D. Denny on the premises hereby conveyed." How Richard D. Denny had or acquired title to the ore bed does not appear ; but evidence was given that for a period of fifty years it had been known and called the "Pratt iron mine." Abijah Pratt was the ancester of William W. Pratt, who, upon his death, succeeded to the occupation of the mine, and to whom John Bailey, who had acquired the right of his co-grantee, James Bailey, in 1828, granted the ore bed or mine in perpetuity. This grant was probably made to supply the place of that to Abijah Pratt, which had been lost.

The plaintiff's title was derived from successory grants from William W. Pratt. The only evidence of title in the defendants was a lease from Benjamin Forman, dated August 25th, 1866, for the term of fifty years. The several grants under which plaintiff claims were recorded in the proper

office and books; and the judge finds, that the several owners respectively were in possession of the mine during those respective ownerships, and that the defendants, at the time they took their lease, had actual notice that the lessor did not claim and had no right to the mine.    Forman derived title to the *locus in quo* under and through the Baileys, who took title under the deed from Thomas D. Denny, and all the deeds in the chain of title, down to and including that to Forman, contained a clause recognizing the right of William W. Pratt to the mine by "reserving to William W. Pratt the right he has to the ore bed and the right of way to the West Point foundry, as now used," or in similar and substantially the same words.    A reservation in a deed will not give title to a stranger, but it may operate, when so intended by the parties, as an exception from the thing granted, and as notice to the grantee of adverse claims as to the thing excepted or "reserved."    The plaintiff's title is independent of the reservation, which is only important here as evidence of the extent of the grant to the defendants' lessor, and of notice to all claiming under the grant, of the existence of a title to the ore bed in others.    It is true that evidence was given that in 1868, and after the commencement of this action, Forman obtained a deed of the premises from the heirs-at-law of Richard D. Denny, but there was no evidence that Richard D. Denny ever had any title, other than that which he granted to Abijah Pratt prior to 1824, or that he was ever in possession of the premises, nor was there proof of any fact tending to show that the pretended grantor had any title or estate to convey.    The plaintiff's title was abundantly established. That set up by the defendants was sham.    The judgment was in all respects right and should be affirmed.

All concur.    Judgment affirmed.