31 557
45 199

JOHN SNYDER AND ESTELLA SNYDER v. JAMES K. HOPKINS.

INJUNCTION, *How Far Allowed, in Certain Cases.* While an action of ejectment is pending, the title of the land disputed and undetermined by a judgment at law, equity may interfere by injunction to restrain the cutting of timber, the quarrying of rock, or any other act which is in the nature of waste; but it will not interfere to disturb the possession or prevent the occupant from the customary use of the premises, or the full beneficial enjoyment of all the profits and advantages of possession.

*Error from Allen District Court.*

EJECTMENT, brought by *Hopkins* against *Snyder* and another. August 28, 1883, plaintiff obtained a temporary injunction restraining the defendants from any beneficial use of the land in controversy pending the litigation. To reverse the order granting the injunction the defendants have come to this court. The opinion states the case.

*A. C. Bogle,* and *C. F. Hutchings,* for plaintiffs in error.

*J. H. Richards,* and *A. A. Harris,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought by defendant in error, plaintiff below, in the district court of Allen county. In addition to his prayer for possession, plaintiff asked a temporary injunction restraining the defendants from any beneficial use of the land pending the lit-

igation. On the hearing of this application for a temporary injunction, the district judge made the following order:

"That the defendants herein, upon the execution of a bond in the sum of $800, conditioned as the law directs, by the plaintiff, be, and each one and all of them are hereby enjoined, until the further order of this court, or the judge thereof, from in any manner disturbing or plowing up the uncultivated or unimproved lands, to wit, the southeast quarter of section twenty-two (22), township twenty-four (24), range twenty (20), Allen county, Kansas, or destroying the sod thereof, or pasturing cattle, horses or other stock thereon, and from building any houses, fences or other improvements on said land or any portion thereof. The defendants are also enjoined from running wagons or other agricultural implements, or teams of horses, or other stock over the lands described in the petition, except for the purpose of reaping and harvesting the growing crops of grain, hay and fodder that naturally grow upon the uncultivated lands, or that have been grown and raised upon the lands under cultivation by the defendants, or that may hereafter be grown and reaped by them on such cultivated land before the final determination of this suit; subject however to the rights of the plaintiff, if he have any, to recover for occupation the rents and profits of such land by defendants."

To reverse this order, defendants have come to this court. On the hearing of the application, plaintiff produced a plain and connected chain of title from the government. It also appeared that about two years prior to the commencement of this action, the land being then vacant and unoccupied, defendants entered and took possession, erected a house, broke up about fifty acres, and made other improvements, and have since used the land for farming purposes.

The petition verified by the plaintiff, and used in the hearing as an affidavit, alleged that the land was specially adapted and was intended by the owner for the production of grass and hay; that in its natural state it was covered by a firm and permanent sod, and that the native grass was more valuable and permanent, and better adapted for the purpose for which the land was set apart and intended, than tame grass, and

that the breaking up of the sod would materially injure its value; and further, that the defendants were irresponsible.

Under the showing as made, the plaintiff was the owner, and the defendants were trespassers. Under those circumstance, was the temporary injunction as granted, proper? Obviously, we think the order was too broad. Doubtless injunction will lie at the instance of the owner, to restrain the cutting down of timber, the quarrying of rock, mineral, etc., or any other act which is in the nature of waste. (*Iron Co. v. Reymert*, 45 N. Y. 703; *Wilson v. Mineral Point*, 39 Wis. 160.) Upon this principle, under the showing as made, it perhaps was not wrong to grant the temporary injunction, restraining the breaking-up of the sod, or the erection of permanent buildings. True, the latter may not be technically waste, but it may under some circumstances injuriously affect the land and place an improper burden upon the true owner in their subsequent removal, and the restoration of the premises to the condition suitable for the purposes for which he designed it and for which it is adapted.

But pending an action for the possession, while the title is disputed and undetermined by a judgment at law, equity ought not to interfere to restrain the defendant from continuing the possession, from the ordinary and natural use of the premises, and the enjoyment of all benefits which flow from possession. If the premises be a farm, the defendant should not be restrained from cultivating the land and enjoying all the benefits which flow from the natural and ordinary use of a farm as a farm. To this end he should be permitted to sow and gather any ordinary crop upon the cultivated ground. He should be permitted to put up any temporary sheds or other buildings necessary for the protection of his stock or the preservation of his crops. He should be permitted to use all the usual agricultural implements in the cultivation of the broken land, not merely in the harvesting of crops, as seems to be indicated by the restraining order, but also in planting and cultivation. He should be at liberty to pasture his stock on the grass lands, providing at least he has no more

stock than is ordinarily raised and kept on such a farm. In short, he should be permitted to use the farm in any ordinary way, as such a farm is used, with the single limitation that he commit no waste, and make no substantial and injurious change in its condition. See in support of this the following authorities: *People v. Simonson*, 10 Mich. 335; *Baldwin v. York*, 71 N. C. 463; *Bell v. Chadwick*, 71 id. 329; *Arkill v. Selden*, 1 Barb. 316; *Felton v. Justice*, 51 Cal. 529; *Crown v. Leonard*, 32 Ga. 241; *Seymour v. Morgan*, 45 id. 201; *Ex parte Foster*, 11 Ark. 304; *Chesapeake v. Young*, 3 Md. 480; High on Injunctions, 1st ed., §§ 4, 251, 262, 421, and 458, and cases cited in notes to each section referred to.

Perhaps the district court really intended to do no more than this; but we think the language of the order goes beyond it. The order must be modified, and the case will be remanded with instructions to so modify it that it shall read, that the defendants be enjoined from breaking or in any other manner destroying any more of the unbroken sod, from erecting any permanent buildings, or in any other manner substantially changing the condition of the farm.

The costs of this court will be divided.

All the Justices concurring.