(Decided 28th February, 1884.)

---

## THOMAS SCULLY *vs.* JOHN ROSE.

*License to dig ore—Trespasser—Injunction.*

R. the owner in fee of a tract of land, verbally agreed to rent the same to S. under a monthly tenancy, with the right or license to dig ore from ore-banks on the land, and S. agreed to pay a rent of thirty dollars a month, and a royalty of fifty cents a ton for each ton of ore raised. The agreement was to be terminated at any time upon thirty days' notice by either party. After keeping possession of the property for some months, and paying the rent and royalty according to the agreement, S. gave notice to R. that after

a time specified, he would not occupy the farm, and would not pay the monthly rent, and offered to surrender the key of the dwelling-house on the farm, but stated that he intended to continue to dig the ore. R. refused to accept the surrender of the farm without the ore banks. On a bill by R. for an injunction to prevent S. from trespassing upon the premises, and digging and removing the ore therefrom to the great injury of the complainant, it was HELD :

That the digging and removing the ore from the ore beds, was a trespass which operated a permanent injury to the property, and the complainant was entitled to have the same enjoined.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and BRYAN, J.

*James Revell,* and *M. Bannon,* for the appellant.

An injunction will not be granted in England to restrain a mere trespass, nor in Maryland, pending a proceeding to try the right at law, except in cases of irreparable mischief. *Amelung vs. Seekamp,* 9 *G. & J.,* 468 ; *Lucas vs. McBlair,* 12 *G. & J.,* 1 ; *Murdock's Case,* 2 *Bland,* 461.

The object of an injunction is to preserve a right, not to determine one. Here the object sought is to determine Mr. Scully's holding. See *White vs. Flannigain,* 1 *Md.,* 543 ; *Ches. & Ohio Canal vs. Young,* 3 *Md.,* 480. Equity will not interfere to eject a tenant, because he is a bad manager, or commits irreparable loss and injury. *Blain vs. Everett,* 36 *Md.,* 73 ; *Davis, et al. vs. Reed,* 14 *Md.,* 152.

The allegation in the bill must allege facts—it is not sufficient to state that loss is irreparable. *Lanahan vs. Gahan,* 37 *Md.,* 105 ; *Carlisle vs. Stephens,* 3 *Md. Ch. Dec.,* 499 ; *Chery vs. Stein,* 11 *Md.,* 1 ; *Hamlin vs. Eli,* 4 *Gill,* 37 ; *Jerome vs. Ross,* 7 *Johnson's Chancery,* 315.

The Court below assumes Scully to be a trespasser, treats him as such. The argument used is that against trespassers. But the case at bar is that of a tenant, admitted in the bill of complaint and notice to quit, to be a tenant of the mine as well as the farm; a tenant whose term the justice says has not expired. A tenant in possession, claiming an adverse possession and acting within the bounds of his renting, committing no waste or trespass except what his agreement with his landlord permitted, cannot be enjoined, and it was an error to overrule the demurrer. The bill ought to be dismissed with costs to the appellant, as no injunction will lie in such a case.

*Charles H. Stanley,* and *Frank. H. Stockett,* for the appellee.

The appellant instead of answering the bill, demurred thereto, and thereby admitted the allegations of the bill. The appellant is a trespasser upon the premises.

The right to dig ore, being a mere license or right attached to the lease of the farm, the agreement must be treated as an entire contract, and the tenancy being put an end to and surrendered by his own act, and afterwards by the notice to quit, his attempt to work said banks against the will of the owner, claiming at the same time no rights as tenant of the farm from which he had removed, makes him a trespasser.

Even if the appellee made the verbal agreement testified to by the appellant's witnesses he is still a trespasser, as it is an *incorporeal hereditament* and can only exist *in grant.* 2 *Washburn on Real Property,* (4th Ed.) 375; *Washburn on Easements and Servitudes,* (3rd Ed.) 628; *Arnold vs. Stevens,* 24 *Pick.,* 106; *Gloninger vs. Franklin Coal Co.,* 55 *Pa. Rep.,* 9; *Grove vs. Hodges,* 55 *Pa. Rep.,* 504; *Stockbridge Iron Co. vs. Hudson,* 107 *Mass.,* 290; *Caldwell vs. Fulton,* 31 *Pa.,* 483.

If the appellant, and those claiming under him, are trespassers, we have the right to enjoin, for while an in-

junction will not lie to enjoin a trespass simply because it is a trespass, it will issue where the trespass goes to the destruction of the property as it has been held and enjoyed. *White vs. Flannigain,* 1 *Md.,* 525; *Gilbert vs. Arnold,* 30 *Md.,* 29; *Jerome vs. Ross,* 7 *Johns. Ch. Rep.,* 330.

Where trespass consists in removing ore, greater latitude is allowed to the rule requiring irreparable damage to be alleged and shown. 1 *High on Injunctions,* sec. 730.

Digging ore is not only trespass but waste, because any digging of the freehold is a destruction of the inheritance and an injury to the value of the property, and in such cases injunctions have always been granted. 2 *Story's Equity,* sec. 929; *Mitchell vs. Dorrs,* 6 *Vesey,* 147; *Cooper vs. Baker,* 17 *Vesey,* 128; *Livingston vs. Livingston,* 6 *Johns. Ch. Rep.,* 497; *Anderson vs. Harvey's Heirs,* 10 *Grattan,* 386; *Thomas vs. Oakley,* 18 *Vesey,* 184; *Jerome vs. Ross,* 7 *Johns. Ch. Rep.,* 314.

It is a sufficient allegation that he is digging ore, because it is from the very nature of the case irreparable damage, and irreparable damage need not be alleged in terms. *Hilliard on Injunctions,* ch. 1, sec. 32; *Davis, et al. vs. Reed,* 14 *Md.,* 152.

The injunction should issue for the reason that the appellee has no adequate remedy at law, and the appellant is practically insolvent.

The right to dig ore, being an incorporeal hereditament, the appellee cannot maintain ejectment, nor does the verbal agreement even as contended for by the appellant constitute the appellant a tenant, and the appellee cannot maintain an action against him as tenant holding over. *Washburn on Easements and Servitudes,* 628; *Caldwell vs. Fulton,* 31 *Penn.,* 483; *Code, Art.* 53, sec. 1; *Act of* 1882, *chapter* 355.

The right given the appellant was a license, revocable at will, and was revoked by the notice to quit. 3 *Kent's*

*Comm.*, 451; *Washburn on Easements and Servitudes,* 24, 26, 679; *Long vs. Buchanan,* 27 *Md.*, 517; *Washburn on Real Prop.*, 628, 633, (*4th Ed.*); *Prince vs. Case,* 736, 2 *Am. Leading Cases,* (*Hare & Wallace.*)

BRYAN, J., delivered the opinion of the Court.

The appellee filed a bill against the appellant for an injunction in the Circuit Court for Anne Arundel County, sitting in equity. The appellant filed a demurrer to the bill, and after a hearing, the Court overruled the demurrer and granted the injunction. The defendant below appealed to this Court.

The bill alleges that the complainant is the owner in fee simple of a farm or tract of land in Anne Arundel County, and that in September, 1882, he verbally agreed with the defendant to rent him the said farm under a monthly tenancy commencing on the first day of October, 1882, with the right or license to the defendant to dig ore from ore-banks on the tract, and that defendant agreed to pay him thirty dollars a month rent, and a royalty of fifty cents a ton for each ton of ore taken from the said banks, and that the agreement was to be terminated at any time by thirty days' notice by either party. The bill further alleges that in pursuance of the agreement the defendant kept possession of the tract, and paid the complainant the rent of thirty dollars, and the royalty up to the first day of February, 1883; that on or about the first day of January, 1883, the defendant sent a message to the complainant that he would not occupy the farm after the first day of February, and would not pay the monthly rent after that time, and offered to surrender the key of the dwelling-house on the farm, but stated that he intended to continue to dig the ore. The bill further alleges that while refusing to pay the monthly rent, the defendant intended and endeavored, and still endeavors, to use and occupy the ore-banks, which are alleged to be the most

valuable part of the rented premises; and that because the agreement with the defendant was one entire contract, and the right to dig the ore was a mere license attached to the agreement to rent, the complainant refused to accept the surrender of the farm without the ore-banks; and that the defendant on or about the first of February removed from the farm, and thereafter refused to pay any rent, and that the complainant in order to repossess said premises, farm and ore-banks, gave the defendant notice in writing more than thirty days prior to the first day of April, 1883, to remove from said premises, and surrender the ore-banks.

The bill further alleges that the said defendant still refused to surrender said property, and, that in order to obtain possession of said farm and ore-banks, the complainant proceeded against him before a justice of the peace as a tenant holding over, and that said justice rendered judgment against complainant, believing that the defendant had surrendered the farm to him, and that he, the defendant, held the ore-banks under a verbal agreement subsequent to the leasing, as testified by him and his witnesses, but complainant denies that any such agreement was made. The bill also alleges that the defendant continues to hold and work said ore-banks, and that the rights which he attempts to exercise do not exist under any agreement, and that he is a trespasser upon the said ore-banks, and maintains that the right to dig and remove the ore is a mere license or easement attached to the lease of the farm, and that it was surrendered by the surrender of the farm, and was also terminated by the notice to quit. The bill also alleges that the ore-banks will be rendered almost valueless by the working of them by the defendant, and that if not entirely insolvent, he has little or no property to which complainant can look for damages and costs.

The averments of the bill are not as clear as they might have been; but we understand them as charging with

sufficient distinctness that the defendant has no right to the possession of the ore-banks, and that he is wrongfully working them to the great injury of the complainant. It is true that it is stated that the complainant instituted proceedings before a Justice of the Peace to obtain possession of the farm and ore-banks, and failed in said proceedings. But according to the statements of the bill, the farm had been abandoned by the defendant, and although the complainant in the third article of the bill avers that he refused to accept the surrender of the farm without the ore-banks; yet it appears in the fourth article of the bill that the defendant makes no claim to the farm, but sets up a right to the ore-banks under a verbal agreement subsequent to the lease of the farm, and distinct from it, as alleged. The proceeding, therefore, before the justice of the peace, so far as the possession of the farm was concerned, was altogether unnecessary. The complainant denies that any such agreement was made. We have nothing before us but the bill of complaint, and must decide the present question entirely upon its averments.

It has been fully settled for a great length of time that a trespass will be enjoined in equity, "which reaches to the very substance and value of the estate, and goes to the destruction of it, in the character in which it is enjoyed." *Shipley vs. Ritter, et al.,* 7 *Md.,* 408, and many subsequent cases. In 2 *Story's Equity, sec.* 929, it is said, "where a mere trespasser digs into, and works a mine, to the injury of the owner, an injunction will be granted, because it operates a permanent injury to the property as a mine." And the doctrine is fully sustained by the authorities cited by the learned commentator.

We think that the Circuit Court properly overruled the demurrer, and granted the injunction.

*Order affirmed, and*
*cause remanded.*

(Decided 28th February, 1884.)