SAMUEL S. CLAYTON *vs.* SAMUEL M. SHOEMAKER and BENJAMIN F. NEWCOMER, Adm'rs c. t. a. of SAMUEL M. SHOEMAKER.

*Injunction—Legal title—Jurisdiction in Equity.*

The plaintiffs filed a bill in equity to restrain the defendant from erecting a house partly upon ground claimed by the plaintiffs, and from using the wall of the plaintiffs' house as a party wall. The defendant resisted the application and set up a title in himself. On appeal from a decree of the Court below, making the injunction perpetual, and thereby prohibiting the defendant from erecting his building, and requiring him to remove the building materials from the ground in dispute, and the joists, &c., inserted in the wall of the plaintiffs' house, it was HELD :

1st. That the Court below erred in undertaking to determine the legal title in controversy, and in making the injunction perpetual.

2nd. That there should be a temporary injunction prohibiting the defendant from proceeding with the erection of his building until the title had been decided in a Court of law ; but as the plaintiffs neglected to apply for an injunction until the work had progressed for some time, and as a Court of equity could not ascertain the legal rights of the parties, he should not be required to remove

that part which had already been erected, unless it should appear to the Court on proof, that the safety of the plaintiffs' wall was endangered.

3rd. That everything should, as far as possible, remain in the condition existing when the proceedings were instituted, unless the defendant should elect to remove his unfinished structure; in which case he should be required to do so without injury to the property of the plaintiffs.

4th. That the plaintiffs should be required to institute immediately an action at law with a view to have their title determined; and if they failed to do so, or having done so, were unsuccessful in maintaining their title, the injunction should be dissolved.

5th. That if the decision of a Court of law was adverse to the claim of title set up by the defendant, the injunction should be made perpetual.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*Henry C. Kennard,* and *Robert Gilmor,* for the appellant.

*W. George Weld,* and *Arthur George Brown,* for the appellees.

YELLOTT, J., delivered the opinion of the Court.

The appellees are administrators *c. t. a.,* of the estate of Samuel M. Shoemaker, and, in their representative capacity, have possession of the property known as Guy's Hotel, in the City of Baltimore. The testator held this property under a lease for ninety-nine years renewable forever. It appears that when the hotel was erected, a space of 2 feet and $9\frac{3}{4}$ inches in breadth, located on the western extremity of the lot, was not included within the

building; it forming part of an alley, about six feet wide, extending from Court House Lane to the back yard of a restaurant on Fayette street. This alley had been used for many years by the appellant and those under whom he claims, and by persons who wished to obtain access to the restaurant. There was a gate at the northern end connecting with Court House Lane, which was open during the day and closed at night by the keeper of the restaurant, who was a tenant of the appellant. The alley has not been used as an out-let from the hotel, but the open space which it forms is supposed to be of value for the purposes of light and ventilation. The owners of the hotel never interfered with the use of the alley, until very recently, when the appellant proceeded to close it up by building thereon, and has inserted the ends of his joists in the western wall of the hotel, in order to make it a party wall for the structure which he has begun to erect. The intervention of a Court of equity was then invoked by the appellees. An injunction was granted, and has been made perpetual. By the terms of this injunction, the appellant is prohibited from erecting his building, and is required to remove the building materials from the ground in dispute, and the joists, beams and rafters inserted in the western wall of the hotel. The decree thus finally determines the title to the lot of ground in dispute, and from this decree an appeal has been taken.

The appellees contend that their paper title covers the land in dispute. They concede that the appellant has acquired, by long and uninterrupted use, an easement, but nothing more. On the other hand, the appellant claims a fee simple title to the soil. He asserts that even if the lot in dispute is not included within the metes and bounds in his deed, he has acquired a good title by adverse possession; that the erection of a gate at the entrance of the alley, and the opening and closing of said gate at the option of the appellant, and of

those under whom he claims, were acts sufficient to give notice to the opposite party that his title was imperiled by an adverse and exclusive claim and occupation ; and that such exclusive claim and occupation having been continuous and uninterrupted for a period of more than twenty years, the claimant and occupant has thus acquired a title to the land in controversy.

Here then we are confronted with questions directly relating to the title to land, and although in some cases, where irreparable injury might result from delay, a temporary injunction ought to be granted until the legal title can be determined in the proper forum, a Court of equity will not pass a decree operating as a final decision of the rights of parties. To do so would be tantamount to a substitution of Chancery jurisdiction for that of Courts of law in deciding questions directly relating to the title to real estate ; and it is apparent that such an assumption of jurisdiction would have a strong tendency to subvert an important part of the established jurisprudence of this State.

In all cases, where the line of demarcation, interposed between the jurisdiction of Courts of law and of equity, has not been obliterated, it seems to have been held that, when there is an application for an injunction to prevent waste or trespass, it is incumbent on the plaintiff to make out a *prima facie* title to the property ; "but if his title, to the extent to which it is set up by him, is denied and contested by the respondent, and evidence enough is offered to show some ground for the denial, the injunction will not be granted till the disputed title between the parties is first settled on appropriate pleadings and full testimony." *Perry vs. Parker,* 1 *Woodb. & M.,* 280 ; *Smith vs. Jamison,* 3 (*Mo.*) *Southwestern Reporter,* 213.

And in *Mayor, &c., of Cardiff, vs. Cardiff Waterworks Co.,* 4 *De Gex & J.,* 598, Sir GEORGE TURNER said : "In such cases I think that, unless the legal rights on the one

side and on the other are clear and free from reasonable doubt, this Court ought not, except with the consent of both parties, to go to the length of at once declaring the legal right and granting a perpetual injunction founded on that declaration. Either party is, I think, in such cases, entitled to insist that the questions on which the legal rights depend should be tried at law before this Court pronounces its final adjudication upon them and binds them forever."

The principle thus enunciated has been recognized by this Court in a number of cases. *Amelung vs. Seekamp,* 9 *G. & J.,* 468; *Lanahan vs. Gahan,* 37 *Md.,* 105.

In the case now presented for adjudication, so far from the parties consenting that a Court of equity should determine the legal rights involved in controversy, the appellant contends that as the title to the real estate is in dispute a Court of equity has no jurisdiction and that the appellees must seek their remedy in a Court of law.

It being clear that a Court of equity cannot decide questions directly relating to contested titles to real estate the proper determination of the questions presented by this appeal involves the recognition and adoption of what was said by Lord COTTENHAM in *Harman vs. Jones,* 1 *Craig & Ph.,* 301. This was an appeal from an order of the Vice-Chancellor granting an injunction, and the Lord Chancellor said : The proper office of the Court, upon an application of this kind, is not to ascertain the existence of a legal right, but solely to protect the property until that right can be determined by the jurisdiction to which it properly belongs. It is the duty of this Court to confine itself within the limits of its own jurisdiction ; and, therefore, it is a fundamental error in an order of this kind to assume finally to dispose of legal rights, and not to confine itself to protecting the property pending the adjudication of those rights by a Court of law. I can sustain the injunction only upon the terms of its being ac-

companied by some provision for putting the question immediately into a course of legal investigation."

The Court below erred in undertaking to determine the legal title in controversy and in making the injunction perpetual. There should be a temporary injunction prohibiting the appellant from proceeding with the erection of his building until the title has been decided in a Court of law ; but as the appellees neglected to apply for an injunction until the work had progressed for some time, and as a Court of equity cannot ascertain the legal rights of the parties, he should not be required to remove that part which has already been erected unless it shall appear to the Court on proof that the safety of the appellees' wall is endangered. Everything should, as far as possible, remain in the condition existing when these proceedings were instituted, unless the appellant should elect to remove his unfinished structure, in which case he should be required to do so without injury to the property of the appellees. The plaintiffs below should be required to institute immediately an action at law with a view to have their title determined, and if they fail to do so, or having done so, are unsuccessful in maintaining their title, the injunction should be dissolved. But if the decision of a Court of law is adverse to the claim of title set up by the defendant below, the injunction should be made perpetual.

The decree of the Court below must be reversed, and the cause remanded so that a decree may be passed in conformity with what has been said in this opinion.

*Decree reversed and*
*cause remanded.*

(Decided 22nd April, 1887.)