### DIMICK et al. v. SHAW.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

#### No. 1,136.

1. EQUITY JURISDICTION—ENJOINING CONTINUING TRESPASS.

A court of equity has jurisdiction of a suit to enjoin a trespasser from working a mine upon, and removing mineral from, land the title to which has been finally adjudicated in complainant's favor.

2. APPEAL—REVIEW OF INTERLOCUTORY ORDER GRANTING INJUNCTIONS.

A circuit court of appeals will not disturb an interlocutory order granting an injunction where the questions of law or fact to be ultimately determined are difficult, and 'injury to the moving party will be immediate, certain, and great if the relief is denied, while the loss of the opposing party will be comparatively small if it is granted.

Appeal from the Circuit Court of the United States for the District of Colorado.

This is an appeal from an interlocutory order granting a temporary injunction restraining appellants from in any manner working the property known as the "Independent Mine," and from extracting or removing ores therefrom, or removing or selling any ores, until the final determination of the cause. The bill charges that the appellee is the owner of a certain large tract known as the "Baca Grant No. Four," his title thereto having lately been determined by the supreme court of the United States in the cause of Shaw v. Kellogg, 170 U. S. 312, 18 Sup. Ct. 632; that defendants, while said cause was pending in the supreme court, went into possession of the lands in controversy under verbal permission of appellee's manager for the purpose of prospecting only, until the final determination of the cause then pending in the supreme court; that after the final determination of that cause, and the decision of the court that appellee was the owner of the tract, appellants were notified to quit the premises, but refused, and since then have commenced mining operations on a large scale in excess of the permission granted to them to prospect, and continue their mining operations and trespasses; that they are insolvent, and, unless enjoined by a court of equity, will commit an irreparable injury to appellee's property. Appellants filed an answer setting up, among other things, the same defenses which had been expressly adjudicated by the supreme court in the case of Shaw v. Kellogg, supra, and also that appellants' manager

had verbally given them permission to prospect on the lands for minerals, and, in case of a final decision in favor of the appellee in that case, to make some fair and just arrangement with them; that they had discovered a valuable gold vein on the property, and, with the knowledge and consent of appellee, had expended large sums of money in developing the mine which is known as the "Independent Mine," but that now appellee refuses to give them any lease, or make any fair arrangement with them. A general replication was filed, and upon a hearing a temporary injunction granted.

Charles D. Hayt, Thomas Macon, and John R. Smith, for appellants.

Joel F. Vaile (Edward O. Wolcott and Elroy N. Clark, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The answer challenging the appellee's title, and setting up an adverse superior title, is merely an effort to retry the question settled by the judgment of the supreme court in the case of Shaw v. Kellogg, supra. It requires no citation of authorities to sustain the proposition of appellee's counsel that a person going upon property by permission of a party while a suit in relation to the title of that property is pending cannot, after that suit has been determined in favor of his licensor, litigate the title over again on the same lines. The only question raised by appellants which it is necessary to notice on this appeal is that appellee has a complete and adequate remedy at law, and that by this proceeding appellants are deprived of their constitutional right to a trial by jury. This precise question, on facts identical in legal effect with the facts of this case, has been three times decided by this court. In Preteca v. Land Grant Co., 4 U. S. App. 326, 1 C. C. A. 607, and 50 Fed. 674, this court held that a court of equity had jurisdiction of a cause in which the averments in the bill were substantially the same as the averments of the bill in this case. In that case we said:

"A court of equity may take cognizance of a controversy to prevent a multiplicity of suits, although the exercise of such jurisdiction may call for the adjudication upon purely legal rights, and confer purely legal relief; and so a court has jurisdiction to restrain waste and trespass to land where the facts are of such a nature that the law cannot afford adequate relief. 1 Pom. Eq. Jur. §§ 243, 245, 252, 271, 274, and cases there cited. The bill avers that the complainant's title has been finally adjudicated in its favor by a court of competent jurisdiction in suits brought against persons in like situations with the defendants. The averments of the bill make the case one of equitable cognizance. Against irresponsible parties taking mineral out of the land and removing the same, and cutting and removing timber, actions of ejectment would have been wholly inadequate for the protection of the complainant's rights. It may be true that the complainant had a remedy at law, but 'it is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' Boyce v. Grundy, 3 Pet. 215; Oelrichs v. Spain, 15 Wall. 211, 228."

In Coal Co. v. McCaleb, 32 U. S. App. 330, 15 C. C. A. 270, and 68 Fed. 86, the court below had refused to grant an injunction against trespassers who had entered upon complainant's lands, and were mining and shipping coal. but this court reversed that decree, and held that equity had jurisdiction, and that complainant was entitled to an

injunction.   Judge Thayer, who delivered the opinion of the court in that case, said:

"It is now well settled by many adjudications, beginning with the case of Mitchell v. Dors, 6 Ves. 147, that an injunction may be granted to restrain a trespasser from entering into a mine and removing the minerals therefrom. Trespasses of that kind, as well as those which consist in cutting down and removing timber, or in removing buildings or other improvements of a permanent character standing upon lands, are readily enjoined, because, as has sometimes been said, such acts tend to destroy the estate, and to occasion irreparable loss and damage.   Courthope v. Mapplesden, 10 Ves. 290; Scully v. Rose, 61 Md. 408; Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565; Jerome v. Ross, 7 Johns. Ch. 315; Hammond v. Winchester, 82 Ala. 470, 2 South. 892; Snyder v. Hopkins, 31 Kan. 557, 3 Pac. 367; Iron Co. v. Reymert, 45 N. Y. 703; 2 Beach, Inj. (1895) § 1155; High, Inj. (1st Ed.) § 469."

In Emigration Co. v. Gallegos, 61 U. S. App. 13, 32 C. C. A. 470, and 89 Fed. 769, this court held that a continuing trespass by a large number of persons, and constant and wrongful diversion of water through lands, which is continually depreciating their value, will give a court of equity jurisdiction, even without showing the insolvency of the defendants.   In that case Judge Sanborn, speaking for the court, said:

"A continuing trespass upon real estate, or upon an interest therein, to the serious damage of the complainant, warrants an injunction to restrain it.   A suit in equity is generally the only adequate remedy for trespasses continually repeated, because constantly recurring actions for damages would be more vexatious and expensive than effective.   2 Beach, Inj. §§ 1129, 1146; Tallman v. Railroad Co., 121 N. Y. 119, 123, 23 N. E. 1134; Uline v. Railroad Co., 101 N. Y. 98, 122, 4 N. E. 536; Galway v. Railroad Co., 128 N. Y. 132, 145, 28 N. E. 479; Evans v. Ross (Cal.) 8 Pac. 88."

In addition to what has been said, it is now the settled rule of this court and the other circuit courts of appeal which have had occasion to pass upon the subject that on appeals from interlocutory orders granting an injunction whenever the questions of law or facts to be ultimately determined in a suit are grave and difficult, and injury to the moving party will be immediate, certain, and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small if it is granted, and is protected by a good bond, the appellate courts will not disturb the order of the court below.   City of Newton v. Levis, 49 U. S. App. 266, 25 C. C. A. 161, and 79 Fed. 715; Allison v. Corson, 60 U. S. App. 387, 32 C. C. A. 12, and 88 Fed. 581; Dooley v. Hadden, 38 U. S. App. 651, 20 C. C. A. 494, and 74 Fed. 429; Jensen v. Norton, 29 U. S. App. 121, 12 C. C. A. 608, and 64 Fed. 662.

Other questions have been presented by counsel in their argument, but, as this appeal is merely from an interlocutory order, they should not be determined until the proofs are all in.   Upon the showing made by the appellee he was entitled to the injunction, and the order granting it is affirmed.