GOLDEN CYCLE MINING CO. v. CHRISTMAS GOLD MINING CO.

(Circuit Court of Appeals, Eighth Circuit.    April 14, 1913.)

No. 3,757.

**1. QUIETING TITLE (§ 12\*)—RIGHT TO RELIEF—POSSESSION.**

Plaintiff, in order to maintain a suit in the courts of the United States to quiet title to real property, must in general have possession of the land, except where by state statute the remedy has been enlarged so as to authorize the maintenance of a suit in equity to quiet title to vacant land.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 44, 45; Dec. Dig. § 12.\*]

**2. MINES AND MINERALS (§ 38\*)—QUIETING TITLE—POSSESSION.**

The rule that the owner of a mining claim can maintain a suit in equity to quiet title only in case he is in possession is subject to the qualification that, if he is in possession of the surface claiming title to the entire claim, his possession in legal contemplation extends to everything which is part of the claim, whether vertically beneath its surface or within the extralateral right granted by Congress, which is not in the actual possession of one holding adversely.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. § 38.\*]

**3. MINES AND MINERALS (§ 38\*)—QUIETING TITLE—EXTRALATERAL RIGHTS—ADVERSE HOLDING.**

Complainant sued to quiet title to extralateral rights, claiming a part of the vein within the surface lines of defendant's claim extended vertically downward. Defendant for many years had asserted that the part of the vein in controversy pertained to its part of the apex which was within its boundaries, and had mined the vein openly and notoriously under claim of ownership, extending its workings to the vertical boundary between its claim and complainant's and to a depth of about 1,400 feet, from which it had largely extracted the ore. *Held* that, defendant's possession of the vein in controversy being adverse, complainant was not entitled to maintain a suit in equity to quiet title, nor to an injunction restraining defendant's further workings of the vein as incidental relief.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. § 38.\*]

Sanborn, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Colorado; Walter J. Smith, Judge.

Suit by the Christmas Gold Mining Company to quiet title as against the Golden Cycle Mining Company to a vein of ore extending on its dip into the mining claims of defendant to recover the value of extracted mineral and damages, and to enjoin defendant from further operations. From an order granting a temporary injunction, defendant appeals. Order vacated.

Tyson S. Dines, of Denver, Colo. (H. McGarry, of Colorado Springs, Colo., on the brief), for appellant.

Charles S. Thomas, of Denver, Colo. (Arthur B. West, W. H. Bryant, George L. Nye, and W. P. Malburn, all of Denver, Colo., on the brief), for appellee.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

HOOK, Circuit Judge. This is an appeal from an order granting a temporary injunction. The suit was by the Christmas Gold Mining Company to quiet its title as against the Golden Cycle Mining Company to a vein of ore extending on its dip into the mining claims of defendant, to recover the value of extracted mineral and damages, and to enjoin defendant from further operations. The defendant's objection to the equitable jurisdiction of the trial court was denied. It renews the objection here.

[1, 2] The right of complainant to maintain the suit to quiet title depends upon its possession of the vein of ore in controversy. If it is not in possession, its remedy is in ejectment at law. Under the bill of complaint, injunction was incidental to the main relief, not independent, and should not have been granted if there was no jurisdiction in equity to quiet title. And so of the claim for value of ore and damages which, by itself, is cognizable at law. In ejectment and damages defendant has a right to trial by jury of which it cannot be deprived by hitching them to a suit in equity not maintainable as such. The general rule in the courts of the United States is that to maintain a suit to quiet title complainant must have possession of the property. The remedy is given by statute in some states if neither party is in possession; the land being vacant. Where this is so the enlarged equitable remedy is available in the courts of the United States. In Colorado, where this case arose, the old rule prevails and possession in complainant is essential. Mills' Code, § 255. Owing to the peculiar characteristics of mining claims, what might be said to be a qualification of the rule is recognized. It was aptly expressed for this court by Circuit Judge now Mr. Justice Van Devanter in United States Mining Co. v. Lawson, 67 C. C. A. 587, 134 Fed. 769, as follows:

"Where the true owner of a mining claim is, in possession of its surface, claiming title to the entire claim, his possession in legal contemplation extends to everything which is part of the claim, whether vertically beneath its surface or within the extralateral right granted by Congress, which is not in the actual possession of another holding adversely."

[3] Since the part of the ore vein in controversy here is not within the lines of complainant's claim extended downward vertically, but is under the surface of defendant's, the former was forced to rely upon the doctrine of the Lawson Case. The question therefore arose, "Was the property in dispute in the actual possession of defendant holding adversely?" If it was, complainant could not maintain a suit to quiet title. The following may fairly be gathered from the proofs. The mining claims of complainant and defendant adjoin. Those of defendant are senior in location and patent. A part of the apex of the vein is within the surface lines of defendant's claims and the part of the vein which is in controversy is wholly within those lines extended downward vertically. For many years defendant asserted that the part of the vein in controversy pertained to its part of the apex and

for many years it mined it openly and notoriously under claim of ownership and right, not secretly or clandestinely. Its workings on the vein extended to the vertical boundary between its claim and complainant's and to a depth of about 1,400 feet from which it had largely extracted the ore. On its side and within its own vertical bounds complainant also mined. At times as might naturally occur in such work it crossed the line into the ground now in dispute, but when advised of the fact it withdrew. In effect, therefore, this suit is to quiet title to the mineral which still remains and for the value of that removed by defendant. If it is possible to conceive of a case of extralateral claims in which a vein of ore is in the possession of a defendant holding adversely within the doctrine of the Lawson Case, we think this is one. Defendant's seniority in location and patent and other details are referred to, not for the purpose of deciding the merits, but for their relation to a real adverse holding under a substantial claim of right rather than a pretense to defeat jurisdiction. The possession by the owner of the surface of a mining claim of extralateral rights is constructive, and it must give way to actual adverse conditions disclosed by clear proofs. A mere averment of possession in a bill of complaint is not sufficient for continued jurisdiction in equity when seasonably and successfully challenged. We do not think the injunction that was granted should be retained in aid of a future action at law, as is suggested.

The order of injunction is vacated.

SANBORN, Circuit Judge, dissents on the grounds that neither a suit to quiet title nor possession by the owner of ore beneath the surface of another's claim in a lode whose apex is within the complainant's claim, is essential to the maintenance of an injunction against the extraction of it by the owner of the surface above it, and that the possession by the complainant of the apex of the lode, of which the ore in controversy within the extralateral lines of the defendant's claim is a part, is sufficient as against the intermittent trespasses upon that lode by the defendant to sustain a suit to quiet title regardless of the injunction.

Regarding the first ground of this dissent, this court has held that in a suit to quiet title and without possession of the property the owner of ore may maintain a suit for an injunction against its extraction in these words:

"Threatened and continued injuries to mines, quarries, timber growing upon lands, buildings located thereon, or other improvements of a permanent character, are enjoined, because, as has been said, such acts 'alter the character of the property, and also tend to destroy it, and occasion irreparable loss and damage.' Courthope v. Mapplesden, 10 Ves. 290; Scully v. Rose, 61 Md. 408; Erhardt v. Boaro, 113 U. S. 537 [5 Sup. Ct. 565, 28 L. Ed. 1116]; Jerome v. Ross, 7 Johns. Ch. (N. Y.) 315 [11 Am. Dec. 484]; Hammond v. Winchester, 82 Ala. 470. 2 South. 892; Snyder v. Hopkins. 31 Kan. 557, 3 Pac. 367. In such cases the threatened injuries are to the res, and diminish the value of the property itself, and an injunction will be granted to prevent the continuing waste or continuing trespass, although the plaintiff is not in possession, and although the legal title has not been settled or questioned by an action at law. Story's Eq. Jur. § 860; Union Pac. Ry. Co. v. Kansas Elevator Co. (C. C.) 17 Fed. 200; Earl Cupper v. Baker, 17 Ves. 128; Iron Co. v. Reymert, 45

N., Y. 703; Snyder v. Hopkins, 31 Kan. 559, 3 Pac. 367; Lacustrine Fer. Co. v. L. G. & Fer. Co. et al., 82 N. Y. 486; Oolagah Co. v. McCaleb, 68 Fed. 87, 15 C. C. A. 270; High on Inj. 736; Alleghany Oil Co. v. Snyder, 106 Fed. 764, 45 C. C. A. 604; Peck v. Ayres & Lord Tie Co., 116 Fed. 273, 53 C. C. A. 551; Logan Nat'l Gas Co. v. Great So. Gas & Oil Co., 126 Fed. 623, 61 C. C. A. 359. If the only relief sought by the bill in this case was to remove the cloud upon plaintiff's title, it may well be doubted whether the bill could be sustained. Orton v. Smith, 18 How. 263 [15 L. Ed. 393]; Frost v. Spitley, 121 U. S. 552 [7 Sup. Ct. 1129, 30 L. Ed. 1010]. But the bill goes further, and seeks to enjoin the defendant from committing waste, and destroying the property as a mining property. In such a case jurisdiction in equity attaches, even where the plaintiff is not in possession. And, having obtained jurisdiction for that purpose, the court may, for the purpose of preventing a multiplicity of suits, retain it for further relief, and may remove a cloud upon the title, quiet the title, and determine the right of possession." Big Six Development Co. v. Mitchell, 138 Fed. 279, 283, 70 C. C. A. 569, 573 (1 L. R. A. [N. S.] 332).

To this decision and conclusion I adhere. It is worthy of note also that Judge Thayer, delivering the unanimous opinion of this court in 1895 in Oolagah Coal Co v. McCaleb, 68 Fed. 86, 88, 15 C. C. A. 270, 272, said:

"It is now well settled by many adjudications, beginning with the case of Mitchell v. Dors, 6 Ves. 147, that an injunction may be granted to restrain a trespasser from entering into a mine and removing the minerals therefrom. Trespasses of that kind, as well as those which consist in cutting down and removing timber, or in removing buildings or other improvements of a permanent character, standing upon lands, are readily enjoined, because, as has sometimes been said, such acts alter the character of the property, and also tend to destroy it, and to occasion irreparable loss and damage. Courthope v. Mapplesden, 10 Ves. 290; Scully v. Rose, 61 Md. 408; Erhardt v. Boaro, 113 U. S. 537 [5 Sup. Ct. 565, 28 L. Ed. 1116]; Jerome v. Ross, 7 Johns. Ch. [N. Y.] 315 [11 Am. Dec. 484]; Hammond v. Winchester, 82 Ala. 470, 2 South. 892; Snyder v. Hopkins, 31 Kan. 557, 3 Pac. 367; Iron Co. v. Reymert, 45 N. Y. 703; Beach, Inj. § 1155; High, Inj. (1st Ed.) §. 469. It is also held that, even when the title to the property on which the trespass is committed is in dispute, a court of equity will at least award a temporary injunction against the commission of such acts as tend to permanently alter its character or destroy its value, until the title thereto is determined in an appropriate proceeding inaugurated for that purpose. Clayton v. Shoemaker, 67 Md. 216, 9 Atl. 635; Smith v. Jameson, 91 Mo. 13, 3 S. W. 212; Beach, Inj. § 1140, and cases there cited."

It is true that in the latter case the complainant was alleged to be in possession of the property, but the decision in that case sustains the proposition that the wrongful extraction of ore from a mine gives jurisdiction in equity to enjoin it at the suit of the owner, and the former case sustains the proposition that possession is not requisite to the maintenance of such a suit or the issue of an injunction.